[No. 18351.  Department Two.  March 14, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Lydia Osmundson, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, Respondent*.[1]

DIVORCE (44)—INTERLOCUTORY ORDER—CONCLUSIVENESS—RIGHT TO FINAL DECREE—ESTOPPEL—JURISDICTION OF COURT—STATUTES. Where, after an interlocutory decree of divorce is entered, the parties filed a stipulation showing that they had compromised their differences and resumed marital relations, and asking that the action be dismissed, the court has jurisdiction to refuse to enter the final decree because of the compromise by stipulation.

Application filed in the supreme court November 9, 1923, for a writ of mandamus to compel the superior court for King county, Gilliam, J., to enter a final decree of divorce. Denied.

[1]Reported in 224 Pac. 378.

*Frank E. Hammond,* for relator.

*H. E. Foster* and *Geo. Olson,* for respondent.

PEMBERTON, J.—This is an original application in this court for a writ of mandate to compel the superior court for King county to enter a final decree of divorce in favor of plaintiff in an action in that court against her husband Samuel Osmundson.

It is alleged in the affidavit of plaintiff that:

"On or about the 12th.day of April, 1923, an interlocutory order was entered in said cause wherein it was provided that, at the expiration of six months from the date thereof, this affiant would be entitled to a final decree of said superior court granting to this affiant an absolute divorce from the said defendant, Samuel Osmundson . . . That no-appeal has been taken from said interlocutory order, nor has the same been modified in any manner whatsoever and said interlocutory order is now in full force and effect, and was in full force and effect upon the 29th day of October, 1923. That more than six (6) months after the entry of said interlocutory order and upon the 29th day of October, 1923, this affiant presented a motion and affidavit to the above named defendant, the Honorable Mitchell Gilliam, one of the judges of the said superior court of King county, Washington, in which motion this affiant moved said court for final judgment in said cause and demanded a decree in accordance with the said interlocutory order, a copy of said motion and affidavit so presented to said court are hereto attached marked Exhibit 'B' and by this reference made a part hereof. That at the hearing on said 29th day of October, 1923, the said Honorable Mitchell Gilliam, one of the judges of the said superior court of King county, Washington, upon objections of counsel for the defendant, Samuel Osmundson, refused to sign a final decree in said cause granting to this affiant a divorce as so provided in said interlocutory order . . ."

In answer to the alternative writ of mandamus, respondent states in part as follows:

"This respondent further says that, subsequent to the entry of said interlocutory order so as aforesaid, the parties to said action presented and filed to said court a joint stipulation wherein it was stipulated that the parties wished to have said action dismissed, and by the further provisions of the stipulation it was stipulated that the parties had resumed marital relations, and the stipulation provided for the cancelling of all orders theretofore made in said cause. That afterwards, to-wit the parties presented and filed in this court their affidavits in which it was stated that the parties, within six months after the interlocutory decree was entered, had compromised all pending differences and that they had resumed marital relations, and so advised the court that no further affirmative action would be had in said cause or the granting of a divorce pursuant to the interlocutory order.

"That no proceeding has been taken in said cause to vacate the stipulation or repudiate the affidavits, and when said application for a final judgment was presented, the same was refused for the reason that the parties on the showing resumed marital relations and had petitioned by stipulation that the cause of action be dismissed and all things entered thereunder vacated."

In the recent case of *State ex rel. Morris v. Superior Court, ante* p. 496, 223 Pac. 583, wherein the husband resisted the granting of the final decree upon the ground that he and his wife, since the entry of the interlocutory order, had resumed their marital relations with the mutual understanding that divorce proceedings should be terminated, we held:

". . . that the issue tendered by him in his affidavit invokes the jurisdiction and discretion of the trial court to determine the question of fact as to whether or not there has been such a reconciliation as to warrant the refusal of the entry of a final decree of divorce as sought by the relator; and, being of the

opinion that the superior court has jurisdiction to make such inquiry and decide the question so presented, we conclude that it should not be prevented from doing so. Observations made in our recent decisions in *In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, and *Kempf v. Kempf, ante* p. 228, 222 Pac. 485, while not directly in point here, are in harmony with and lend support to the conclusion we here reach."

The trial court proceeded within its jurisdiction. The application for the writ is denied.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.

MITCHELL, J. (concurring)—I concur because of the decision in the case of *State ex rel. Morris v. Superior Court, ante* p. 496, 223 Pac. 583.