[No. 21724. Department One. April 11, 1929.]

ERNEST W. WALKER, *Appellant*, v. VIVIAN A. WALKER, *Respondent.*[1]

*C. S. Goshert,* for appellant.

*Arthur H. Hutchinson, Ewing D. Colvin,* and *Grace O. Dailey,* for respondent.

BEALS, J.—August 24, 1927, plaintiff sued defendant for a divorce, and in October of the same year, filed his complaint in the office of the clerk of the superior court for King county. No appearance in the action being made by the defendant, an order of default was entered, and on November 28, 1927, after a hearing, the court entered an interlocutory order

[1]Reported in 276 Pac. 300.

which was served on the prosecuting attorney and filed on the date of its entry.

February 7, 1928, on motion of the defendant, an order was entered in the divorce action requiring the plaintiff to appear and show cause why the interlocutory order above referred to should not be vacated. A hearing was had upon this order to show cause, before Judge Robert M. Jones, of the superior court for King county, at which oral testimony was introduced by both parties. On March 26, 1928, Judge Jones filed his memorandum decision in which he expressly found that the parties to the action "did sporadically cohabit after the entry of the interlocutory decree," but concluded that, in view of all the circumstances of the case, the defendant's petition for vacation of the interlocutory order should be denied. No formal order was at this time entered pursuant to this memorandum decision.

May 29, 1928, plaintiff filed an affidavit, as follows:

"Ernest W. Walker, being first duly sworn, on oath deposes and says: That he is the plaintiff in the above entitled cause; that findings of fact, conclusions of law and interlocutory order were made and entered herein on the 27th day of November, 1927, finding that a decree of divorce ought to be granted to plaintiff; that more than six months have elapsed since the making and entry of said interlocutory order; that plaintiff and defendant have not cohabited as husband and wife since said 27th day of November, 1927; that plaintiff makes this affidavit for the purpose of procuring the final decree of divorce herein."

On the same day, a final decree of divorce in plaintiff's favor was signed by Honorable Charles P. Moriarty, who was then acting as presiding judge.

June 7, 1928, defendant served upon plaintiff's counsel a notice that she would on June 12 present to Judge Moriarty a motion to set aside the final decree

hereinabove referred to. This motion was supported by an affidavit of defendant's counsel. Upon the hearing on defendant's motion, Judge Moriarty intimated that he would grant the same, but suspended his ruling in order that plaintiff might apply to this court for a writ which would prevent his taking such action. Defendant procuring no relief from this court, the matter again came on for hearing before Judge Moriarty, who, on September 15, 1928, entered the following order:

"This matter coming on regularly for hearing upon the motion of the defendant, to set aside the final decree, said motion being supported by the affidavit attached thereto and the files in this action; the plaintiff appearing by his attorney C. S. Goshert, the defendant appearing by her attorney, Arthur H. Hutchinson, and the prosecuting attorney of King county, state of Washington, appearing by G. O. Dailey, deputy prosecuting attorney and proctor of divorce; evidence having been submitted and argument heard and the court being fully advised in the premises, now, therefore,

"It is hereby ordered, adjudged and decreed, that the final decree of divorce be, and the same is hereby set aside."

From which order plaintiff appeals.

September 8, 1928, Judge Jones had entered formal findings of fact and conclusions of law based upon the testimony introduced before him and upon which he had entered his memorandum decision of March 26, 1928, finding number IV reading as follows:

"That since the entry of said interlocutory order of divorce on the 28th day of November, 1927, plaintiff and defendant have not become reconciled and have not resumed marital relations other than that since the said 28th day of November, 1927, plaintiff and defendant have cohabited sporadically but nothing except such sporadic cohabitation indicated any intention on the part of either party of perpetuating the marriage."

On the same day, Judge Jones entered a formal order denying respondent's petition to set aside the interlocutory order.

The foregoing facts, save in so far as appellant's application to this court for a writ is concerned, appear from the transcript filed by appellant on this appeal. No statement of facts or bill of exceptions has been brought to this court, appellant relying solely upon the transcript. The order appealed from recites that it was entered after the submission of evidence.

■ Appellant states in his brief that no evidence was heard by Judge Moriarty, but the formal order entered recites the submission of evidence and recitals in such a formal order cannot be questioned or contradicted by statements in a brief or on oral argument before this court.

■ In the transcript are certain affidavits, but this court has repeatedly held that affidavits brought before this court in a transcript and not as part of a bill of exceptions or statement of facts cannot be considered on appeal, as the mere fact that an affidavit was filed in the office of the clerk of the superior court is not evidence that it was presented to or considered by the court, nor does it even tend to prove that no other affidavits were filed and considered by the court in making the ruling complained of. *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691. In order to procure a review of a ruling by the superior court on questions of fact, the testimony, whether oral or by way of affidavit or deposition, upon which the trial court based its ruling, must be brought to this court by bill of exceptions or statement of facts, as that is the only method provided by law whereby this court can review a ruling of the superior court on a question of fact and be sure that the question is presented here upon the

same evidence upon which the trial court based its ruling.

The order appealed from expressly recites that evidence was submitted. There is nothing in the record before us which even tends to contradict this recital in the order.

In the record before us we find no basis for an attack upon the order appealed from.

■ Assuming, however, as stated by appellant's counsel, that the trial judge had before him the record which is now before us in appellant's transcript, and nothing else, we find no reversible error in the record. The trial court had before it the memorandum opinion filed by Judge Jones stating that the parties had sporadically cohabited since the entry of the interlocutory order; also the formal finding entered by Judge Jones reciting the same fact. The trial court, in the exercise of its discretion, might have determined that the positive finding that the parties had cohabited since the entry of the interlocutory order justified the vacation of the final decree of divorce. The judge who signed the order appealed from was the same judge who granted the final decree of divorce; he personally knew the circumstances under which the decree was granted and must be held to have had a wide discretion in passing upon respondent's motion to vacate the decree. From this record we cannot say that the trial court abused its discretion in entering the order appealed from. *State ex rel. Morris v. Superior Court,* 128 Wash. 496, 223 Pac. 583; *State ex rel. Osmundson v. Superior Court,* 128 Wash. 595, 224 Pac. 378; *State ex rel. Hansen v. Superior Court,* 131 Wash. 13, 228 Pac. 702; *Smith v. Smith,* 148 Wash. 457, 269 Pac. 821; 9 R. C. L. 383.

■ Counsel for appellant in his brief states that, after the entry of the final decree of divorce and before

respondent's motion to vacate the same was served, appellant remarried. While this fact does not appear in the record, it is proper to observe that the fact of remarriage with a third party does not deprive the superior court of jurisdiction to vacate, in a proper case, a final decree of divorce. Such a fact would tend to cause the court to hesitate in taking such action, but the fact of remarriage with an innocent third party is only a circumstance to be considered by the court in weighing the entire situation and determining the nature of the order to be entered.

Finding no error in the record, the order appealed from is affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.