[No. 22469. Department One. September 3, 1930.]

ETHEL J. ABBOTT, *Respondent*, v. ANNA J. CLEBANCK *et al.*, *Appellants*, THOMAS N. FOWLER, *Defendant*.[1]

*Philip Tworoger*, for appellants.
*Morris & Dubuar*, for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action, alleging that she was the owner of certain personal property by virtue of a bill of sale executed and delivered to her and duly filed for record in November, 1926; that the defendant Clebanck, as plaintiff, had,

[1]Reported in 290 Pac. 704.

in two certain actions, to neither of which plaintiff was a party, sought to establish and foreclose a landlord's lien against this identical property, by virtue of rental due from others; had obtained judgments in both actions, and that the defendant sheriff was about to sell the property to satisfy those judgments, to which the plaintiff was a stranger. By her prayer, the plaintiff asked that the sale be enjoined, and that the property be declared free and clear of any lien by virtue of the Clebanck judgments.

The case was tried to the court sitting without a jury, resulting in findings of fact and conclusions of law favorable to the plaintiff and a judgment thereon granting her the relief demanded. The defendants have appealed.

No statement of facts is brought to this court, and the only assignment of error is, "the court erred in failing to dismiss the action and in rendering judgment for the plaintiff;" or, in other words, that the findings do not support the judgment. The findings are too lengthy to be here set out in full, but they are quite complete and, in voluminous detail, set out that the respondent acquired the property in question in good faith and for value by bill of sale executed and recorded November 24, 1926; that she was not made a party to, and did not appear in, the Clebanck actions and is not bound by the judgments there rendered; and also that the time within which to enforce a landlord's lien against the plaintiff (if she or her chattels ever were liable) had expired before this suit was commenced.

Clearly, the findings support the judgment. Appellants present an interesting argument based upon facts not found by the trial court, but, as we are bound by the record before us, we can grant no relief.

"It is settled by a line of authorities so numerous that no citation of them is necessary that a case brought here on the findings of the court below without a statement of facts raises but one question, that is, whether the findings sustain the judgment." *O'Brien v. Industrial Insurance Department,* 100 Wash. 674, 171 Pac. 1018.

The judgment is affirmed.

MITCHELL, C. J., MILLARD, PARKER, and BEALS, JJ., concur.