[No. 31747. Department Two. August 9, 1951.]

FRED DUX, *Plaintiff*, v. A. T. HOSTETTER, *Appellant*, ROY B. STOKELY *et al.*, *Respondents*.[1]

*Minnick & Hahner* and *Moulton, Powell & Gess*, for appellant.

*John Horrigan* and *Theodore D. Peterson*, for respondents.

WEAVER, J.—This is an appeal by an original defendant from a judgment dismissing additional parties defendant. It is the second appeal in this action, involving substantially

[1]Reported in 234 P. (2d) 553.

the same question of law. *Dux v. Hostetter* (Dec. 7, 1950), 37 Wn. (2d) 550, 225 P. (2d) 210.

August 16, 1949, Fred Dux, as plaintiff, commenced suit against defendant A. T. Hostetter, doing business as Lewis Hotel, to recover damages allegedly suffered by plaintiff while escaping from a fire in the Lewis Hotel. After answering the complaint, defendant Hostetter, on November 22, 1949, filed a petition praying that Roy B. Stokely and Frank Pope, doing business as "Sky Club," be made additional parties defendant to this action, which petition was granted on January 16, 1950. An amended complaint was filed by plaintiff that day; that pleading, however, was directed only to defendant Hostetter.

February 14, 1950, defendant Hostetter filed an amended answer to the amended complaint of the plaintiff and a cross-complaint against the additional defendants, Stokely and Pope. A more detailed statement of the issues, as then defined, is to be found in our former opinion.

Having been served with summons and cross-complaint, additional parties defendant made their first appearance in the action by appearing "specially . . . and only for the purpose of challenging the jurisdiction of the above entitled Court."

After argument on the "special appearance," the trial court, on April 11, 1950, entered an order (quoted in full in our former opinion) which provided:

"IT IS HEREBY ORDERED, ADJUDGED & DECREED that unless the plaintiff, Fred Dux, in the above entitled action shall amend his complaint and state a cause of action against the defendants, Roy B. Stokely and Frank Pope, joining them as defendants with the defendant, A. T. Hostetter, doing business as Lewis Hotel, within ten days from the date of this order, the defendants, Roy B. Stokely and Frank Pope, shall be dismissed without prejudice from the above entitled action."

It appears from the record that copies of this order were immediately served upon counsel for plaintiff. This order was interlocutory in nature. Of it, we said in our former opinion, "The order entered April 11, 1950, neither deter-

mined nor discontinued the action against respondents."

April 18, 1950, defendant Hostetter served notice of appeal from the order of April 11, 1950. We held, in *Dux v. Hostetter,* 37 Wn. (2d) 550, 225 P. (2d) 210, that this was not an appealable order. The appeal was dismissed. The opinion was filed December 7, 1950.

The transcript on this appeal contains the following document, dated April 25, 1950:

"COURT CALENDAR                         No. 6768

"Set for Hearing................*April 25, 1950*

"Plaintiff                      Attorney for Plaintiff

"*Fred Dux*                     *Velikanje & Velikanje*

Defendant                    Attorney for Defendant

"*A. T. Hostetter, d/b/a Lewis Hotel*    *Moulton, Powell & Gess for*
*Roy B. Stokely and Frank Pope*          *Hostetter*
*d/b/a Sky Club*                         *Minnick & Hahner*
                                         *Theodore D. Peterson for*
                                         *Stokely & Pope*

"Nature of Action            *Order Dismissing Stokely & Pope*
    "*Court finds no Amended*
      *Complaint filed.*                 *Filed Apr. 25, 1950*
        s/ *B. B. Horrigan*              *Garnet Curtis, Clerk*
            *Judge*"

The document is printed, except that portion we have italicized.

January 3, 1951, the trial court entered a written "Judgment for Additional Parties Defendant." The record discloses that notice of presentment was given by counsel for Stokely and Pope to counsel for plaintiff and to counsel for defendant A. T. Hostetter. The record is silent as to whether counsel, other than counsel for additional parties defendant, were present in court at the time the judgment was presented.

The judgment of January 3, 1951, recites that it was based upon the special appearance and oral motion for dismissal of Stokely and Pope, argued March 21, 1950, upon which an order was entered April 11, 1950; that plaintiff, Fred Dux, failed and refused to amend his complaint to state a cause of action against Stokely and Pope; and that,

"  .  .  .  on the 25th day of April, 1950, the Court made the following minute entry, to-wit: 'Court finds no amended

complaint filed'; and at the request of the Court the defendants Stokely and Pope have now filed a written motion and the Court being fully advised in the premises,

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the motion to dismiss be granted and that the defendant, A. T. Hostetter, doing business as Lewis Hotel, take nothing by his cross complaint against Roy B. Stokely and Frank Pope, and that said Roy B. Stokely and Frank Pope be, and they are hereby, dismissed without prejudice from the above entitled action and they shall have and recover their costs to be taxed."

It is from the "Judgment for Additional Parties Defendant," dated January 3, 1951, that this appeal is taken.

Although designated "Court Calendar," it is apparent that the document, dated April 25, 1950, is a portion of the court records prepared according to Rem. Rev. Stat., § 75 (4) [P.P.C. § 106-5], wherein the clerk of the superior court is directed to

". . . keep a well-bound book to be called the order book or journal in which he shall record the daily proceedings of the court, and enter all verdicts, orders, judgments, and decisions thereof, . . . which shall be signed by the judge."

Rem. Rev. Stat., § 435 [P.P.C. § 62-19], requires that the clerk of the superior court shall enter all judgments in the journal. By this instrument, it has been certified to us that the interlocutory order of April 11, 1950, had been made a final order dismissing Stokely and Pope from the action on April 25, 1950.

In his opening brief, appellant states:

"The Trial Court made a finding on April 25, 1950, that no amended complaint had been filed but did not enter an order of dismissal on that date as *erroneously* indicated by the minutes of the court's calendar." (Italics ours.)

This is not a case where there is a conflict between a journal or minute entry and a formal order subsequently signed and entered. See *State ex rel. Jensen v. Bell,* 34 Wash. 185, 75 Pac. 641; *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029. The "minute entry" is uncontested and unchallenged, ex-

cept for the remark quoted from appellant's brief. It must be noted that the "minute entry" is signed by the trial judge.

■■ Statements in the certified record of proceedings in the trial court cannot be contradicted by statements in a brief or on oral argument before this court. *Walker v. Walker,* 151 Wash. 480, 276 Pac. 300. Nor can appellant be heard to contradict the recitals of his own record on appeal. *Anderson v. Taylor,* 152 Wash. 532, 278 Pac. 412. We are, therefore, bound by the record before us. *Abbott v. Clebanck,* 158 Wash. 368, 290 Pac. 704.

■ On the first appeal, we held the certified record showed the dismissal of additional parties defendant on April 25, 1950. *Dux v. Hostetter, supra.* Of the minute entry of that date, Judge Donworth, speaking for a unanimous Department of this court, said:

"A minute entry by the clerk of the superior court, dated April 25, 1950, indicates that on that date, the trial court entered an order dismissing additional defendants Stokely and Pope upon finding that no amended complaint had been filed by the plaintiff in accordance with the order of April 11, 1950. . . .

"The order entered April 11, 1950, neither determined nor discontinued the action against respondents and therefore was not appealable under the provisions of the above statute. The order which did finally dispose of appellant's cross-complaint was entered April 25, 1950, *when respondents were actually dismissed from the action.* . . .

"Appellant has taken no appeal from the order of April 25, 1950, and we must, in accordance with the decision referred to, hold that his appeal from the order of April 11, 1950, was premature, since that was not a final order from which an appeal could be taken. *Respondents were not dismissed from the case until seven days after appellant served his notice of appeal.*" (Italics ours.)

The quoted portion of our former opinion has not been attacked on this appeal. We are not disposed to disregard a portion of the certified record nor to discard our former interpretation of it.

The "Judgment for Additional Parties Defendant," dated January 3, 1951, accomplished nothing. It neither added to, nor detracted from, the record before us. It attempted to do

that which the record states had already been done. In truth, it was an ineffectual attempt to invest this court with jurisdiction. The right to appeal from the order of April 25, 1950, has long expired.

The appeal is accordingly dismissed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.

October 3, 1951. Petition for rehearing denied.