Lincoln Douglas JEANES, Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE et al., Defendants.**

Civ. No. 01–874(RJL).

United States District Court, District of Columbia.

Sept. 27, 2002.

---

24. An order consistent with this Memorandum Opinion accompanies this opinion.

Lincoln Douglas Jeanes, pro se, Leavenworth, KS, for Plaintiff.

Paul A. Mussenden, U.S. Attorney's Office, Washington, DC, for Defendants.

## Memorandum Opinion

LEON, District Judge.

Before this Court is plaintiff's motion for a temporary restraining order and preliminary injunction. The plaintiff, an inmate in a federal penitentiary, asks the Court to enjoin the defendants from, *inter alia*, using administrative detentions to harass the plaintiff, submitting the plaintiff to improper transfers, and confiscating the plaintiff's legal papers. The defendants maintain that the Court does not have jurisdiction, and that the Court should dismiss the prison-condition claims because the plaintiff has not exhausted his administrative remedies. For the reasons set forth below, the Court denies the plaintiff's request for a temporary restraining order and preliminary injunction.

### I. Background

In April 2001, Lincoln Douglas Jeanes, a pro-se plaintiff incarcerated in the U.S. Penitentiary at Leavenworth, Kansas, filed a complaint to enforce a Freedom of Information Act ("FOIA") request for certain Bureau of Prisons ("BOP") documents. Subsequently, the defendants filed a motion to dismiss, or, in the alternative, for summary judgment based on plaintiff's failure to exhaust his administrative remedies under FOIA.

On March 4, 2002, the plaintiff filed this request for a temporary restraining order and preliminary injunction, claiming that the defendants have violated his constitutional rights by hindering his ability to pursue a civil action. The plaintiff alleges that after he "admonished Defendants for misrepresentations" in their efforts to receive a court-ordered enlargement of time, a sarcastic remark was made to the plaintiff about being a "smartass in court." Pl.'s Mot. for T.R.O. and Prelim. Inj. ("Pl.'s Mot.") at 1. Following the alleged remarks, the defendants fired him from his job as a clerk and shifted him in and out of several different cells. He also claims that defendants later placed him in administrative detention and confiscated many of his legal records. *Id.* According to the plaintiff, these acts were done in retaliation to his legal efforts. The retaliatory acts, he argues, violates his right to initiate civil proceedings protected by the Equal Protection Clause and Privileges and Immunities Clause of Article IV of the Constitution.

The plaintiff requests that the Court enjoin the BOP from improperly using administrative detentions, confiscating his legal materials, submitting plaintiff to verbal harassment and threats, and haphazardly forcing the plaintiff to change cells.

### II. Discussion

■ The first issue facing the Court is whether or not it has jurisdiction over the prison-condition claims set forth in the plaintiff's motion. The defendants argue that this Court does not have jurisdiction to hear the prison-condition claims because they are unrelated to any claim alleged in the initial FOIA complaint. Defs.' Consolidated Opp'n at 3–4. While plaintiff's most appropriate course of action may have

been to file an independent complaint, this Court recognizes that pro-se litigants are held to less stringent standards than pleadings written by counsel, *see Richardson v. United States,* 193 F.3d 545, 548 (D.C.Cir.1999) ("Courts must construe *pro se* filings liberally."), the Court has independent federal question jurisdiction over plaintiff's constitution-based prison-condition claims, and that judicial economy is served by having matters with similar facts filed in the same court. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For these reasons, the Court retains jurisdiction.

█ Having jurisdiction to hear the retaliation claims, however, this Court now must dismiss the claims for failure to exhaust administrative remedies,[1] as required by the Prison Reform Litigation Act ("PLRA"), 110 Stat. 1321–73, as amended 42 U.S.C. § 1997e(a) (1994 ed., Supp. V).1997(e)(a), which states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In the recent case of *Porter v. Nussle,* the Supreme Court made clear that prisoners must exhaust inmate grievance procedures before bringing a civil action.

534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002). Upon analyzing legislative history and judicial precedent, the Supreme Court found that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 992. Since the exhaustion requirement applies to "all inmate suits about prison life," the plaintiff's retaliation claims clearly involve the type of claims in this case envisioned by the Court in *Nussle. See, e.g., Richardson v. Hillman,* 201 F.Supp.2d 222, 227–28 (S.D.N.Y.2002).[2]

Regulations governing BOP set forth a four-step administrative remedy program. The first two steps require that the complainant first attempt to informally resolve the claims and, if unsuccessful, submit a remedy request to the warden. 28 C.F.R. § 542.13(a); 28 C.F.R. § 542.14(a). Only after pursuing these two steps at the institutional level should the prisoner appeal to the BOP Regional Director, 28 C.F.R. § 15(a), and only after completing all four steps of the process has the prisoner in fact exhausted his administrative remedies. *See Jackson v. District of Columbia,* 254 F.3d 262, 269 (D.C.Cir.2001). The purposes of the grievance procedures is to give prison officials an opportunity to re-

1. The D.C. Circuit held that the PLRA's exhaustion requirement is not a jurisdictional bar. *M.S. Ali v. District of Columbia,* 278 F.3d 1, 5–6 (D.C.Cir.2002).

2. The plaintiff also claims that his prison-condition concerns are "ancillary to" the FOIA claims so that he has already constructively exhausted administrative remedies by exhausting administrative remedies for his original complaint. Pl.'s Rep. at 8–9. The *Nussle* case, he argues, only mandates that the plaintiff exhaust administrative remedies for newly filed claims, he argues, not for

claims related to actions already pending before a court.

Even if the plaintiff did in fact exhaust the administrative remedies required for filing the initial FOIA claim, a fact disputed in the defendants' motion for summary judgment, the plaintiff cannot bring prison-condition claims without first exhausting them at the administrative level. Here, the plaintiff is not simply attempting to enforce a FOIA request; he is seeking to enjoin prison officials from retaliation. Such claims, according to the Supreme Court in *Nussle,* require PLRA exhaustion.

solve the problem, thus relieving the courts of unnecessary litigation, *see Jackson*, 254 F.3d at 269, and creating a factual record to facilitate any eventual judicial action, *see Bailey v. Bureau of Prisons*, 1995 WL 564200 (D.D.C.1995).

Here, the plaintiff failed to exhaust his remedies before bringing this motion because he did not attempt to resolve the retaliation claims informally, nor did he file a remedy request with the warden. Decl. of Janice L. Bonneville ("Bonneville Decl.") at ¶¶ 6, 8. The plaintiff concedes that he did not pursue the first two steps of the administrative remedy program, but argues that because his claims were sufficiently "sensitive," the regulations permit him to circumvent the first two steps and appeal directly to the Regional Office. The regulations do in fact permit inmates to submit a remedy request directly to the Regional Office, the third step in the administrative remedy program, if the inmate "reasonably believes the issue is sensitive enough and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." *See* 28 CFR § 542.14(d)(1). The Administrative Remedy Coordinator of the Regional Office, however, deemed that plaintiff's claims were not sensitive and advised the plaintiff in writing that he must be pursue claims at the institutional level, as required by the regulations. Bonneville Decl. Exhibit 2. The plaintiff then filed his claims with the Central Office for the Bureau of Prisons, which is the fourth step of the administrative remedy program. Officials at the Central Office agreed that his claims were not sensitive.

Absent a specific and reasoned basis to do so, this Court should not second-guess the administrative agency's decisions that the plaintiff's claims are not sufficiently sensitive and dangerous to the inmate as required under 28 CFR § 542.14(d)(1) and

that he must follow the prescribed grievance procedures. The regulations make clear that the request will only be accepted if the Regional Administrative Remedy Coordinator agrees with the inmate that the claims are sensitive. *See* 28 CFR § 542.14(d)(1). Thus only the agency has discretion to decide whether or not the inmate can circumvent the first two stages of the administrative remedy program. *See Bailey*, 1995 WL 564200 (finding that an inmate did not exhaust administrative remedies because the Regional Director determined that his claims were not sensitive and the inmate had not pursued the claims at the institutional level first); *Deutsch v. USA*, 1997 WL 476365 (E.D.Pa. 1997) (finding that a Regional Director's decision that an inmate's claims are not sensitive is committed to agency discretion and not subject to judicial review). So long as the agency adequately informed the plaintiff that his request for sensitive treatment was rejected and that he had to follow the initial stages at the institutional level, the plaintiff cannot rightly presume exhaustion based on his perceived classification of the claims.

The plaintiff also maintains that bringing his complaint to the same people who perpetuated the offenses against him amounts to leaving him "no option at all" such that the first stages of the remedy program were not "available" to him. Pl.'s Mot. at 12. While an administrative remedy must be made "available" to the plaintiff, the plaintiff here confuses availability with futility. The mere presence of the four-step remedy program combined with prison-official responsiveness is evidence enough that administrative remedies are available. The plaintiff's belief that availing himself of those grievance procedures is futile is not a sufficient reason for bypassing portions of the administrative remedy process. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149

L.Ed.2d 958 (2001) (finding that the Court will not "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir.2000) (finding that "there is no 'futility exception' to the PLRA exhaustion requirement"); *Giano v. Goord*, 250 F.3d 146, 150 (2nd Cir.2001) (finding that "alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies"). Thus, even though the plaintiff reasonably believed that attempting to resolve his grievances at the institutional level would have been a waste of time, he cannot bypass those stages unless the agency agrees with him. Accordingly, the plaintiff failed to exhaust his administrative remedies.

### Conclusion

For the foregoing reasons, it is hereby ORDERED the plaintiff's request for a temporary restraining order and preliminary injunction [# 32] is denied.