**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ALLAN PARMELEE,<br><br>               Appellant,<br><br>    v.<br><br>LISA HOWE, SUSAN COLLINS;<br>LEANNE SIMMONS; JIM ASIN; BRANDI<br>YOURKOSKI; VICQUI HEUETT; DREW<br>WOOD; DAN PACHOLKE; STEVEN<br>MORGAN; RAYMOND ANKRUM; (fnu)<br>GOMEZ; (fnu) VAN VALKENBURG;<br>(fnu) HEUER; M. ACREE ELDON VAIL;<br>HOWARD ANDERSON; SCOTT<br>FRAKES; MICHAEL HATHAWAY;<br>KENNETH QUINN; A. ROBINSON;<br>WILLIAM MILLER; HAROLD<br>ARCHIBALD; RON TAGGERT-<br>DEFFINGAUGH; UNKNOWN OTHERS;<br>COMMUNITY PARTNERS OR<br>SPOUSES OF EACH NAMED<br>DEFENDANT; DEPT. OF<br>CORRECTIONS ("DOC"),<br><br>               Respondents. | No. 66151-5-I<br><br>DIVISION ONE<br><br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: April 8, 2013 |

BECKER, J. — When prison staff allegedly retaliated against inmate Allan Parmelee for filing grievances, he abandoned the grievances, did not grieve the retaliatory acts, and instead brought this action for violations of his First Amendment and civil rights and for various state torts. The superior court dismissed the federal claims with prejudice due to Parmelee's failure to exhaust available administrative remedies in the prison grievance system. The court

dismissed his state claims without prejudice for failure to comply with statutory notice requirements. Because the dismissal of Parmelee's state claims without prejudice is not appealable and because the remainder of his appeal lacks merit, we affirm.

## FACTS

On May 10, 2010, the Department of Corrections transferred inmate Parmelee from Stafford Creek Correction Center to Monroe Correctional Complex. According to Parmelee, the transfer was due in part to his persistent complaints against prison staff, which "'burned out staff and wore them down.'"

Two days after arriving at Monroe, Parmelee filed two "emergency" grievances. One alleged that a guard threatened him by "mean-mugging, threatening words, demeanor and clenched posture" in an "effort to block, deter and harass me over my legal related activities." The other alleged that two guards threatened Parmelee's life, health, and safety "in order to block any infraction defense and witness statement requests." The grievance coordinator ruled in both cases that the grievances did not meet criteria for emergency grievances and had to be resubmitted with more specific facts. Parmelee did not resubmit the grievances.

Instead, in June 2010, Parmelee filed this action against Monroe and Department personnel for assault, defamation, negligent training and supervision, theft, malicious harassment, and retaliatory violations of his First

-2-

Amendment and civil rights. Parmelee's verified complaint, which was supported by a declaration and other evidence, alleged that Monroe staff retaliated against him for filing the two grievances by transferring him to administrative segregation, assaulting him while en route, and taking and destroying his shoes. He also alleged that they defamed him by falsely accusing him of misconduct.

The complaint contained five counts. Count 1 alleged that the retaliation for filing grievances violated his First Amendment and civil rights. Count 2 alleged that the assault by prison staff lacked any legitimate penological basis and was "a pretext to send Parmelee a message that he should not file grievances of any kind against staff." Count 3 alleged that prison staff conspired to make false statements about Parmelee with malicious, vindictive, and retaliatory intent. Count 4 alleged that prison staff took and destroyed his shoes without authority. Count 5 alleged that the respondents' actions and inaction violated RCW 9A.36.083 (in addition to criminal penalty, victim of harassment may bring civil action) and RCW 10.14.020 (defining "unlawful harassment" and "course of conduct"), took advantage of his disability as an inmate, and constituted malicious harassment.

The complaint further alleged that grievance procedures were effectively unavailable due to the Department's pervasive "policy, custom, habit and routine to take adverse actions against any prisoner who regularly pursues staff accountability for wrongs committed against prisoners, [and] *such is the basis for this case.*" (Emphasis added.) Parmelee claimed prison staff targeted him for

retaliation because of his aggressive use of prison grievances and his legal and journalistic activities "revealing corruption and abuse" within the Department. The complaint requested various forms of relief, including monetary damages and injunctive and declaratory relief.

Respondents answered the complaint and moved to dismiss it under CR 12(b)(6). They supported their motion with a declaration from the grievance program manager for the Department, a declaration from a tort claims investigator, and copies of the two grievances underlying Parmelee's action. Respondents argued that Parmelee's state law claims should be dismissed due to his noncompliance with the 60-day notice required for claims against the State and that his federal claims were barred because Parmelee had not exhausted his administrative remedies.

The superior court dismissed Parmelee's state law claims without prejudice and his federal claims with prejudice. The court denied Parmelee's motion for reconsideration. He appeals.

## STANDARD OF REVIEW

Although respondents moved to dismiss under CR 12(b), it is undisputed that the court considered materials outside the pleadings. The submission and consideration of extraneous materials by either party normally converts a CR 12(b)(6) motion to one for summary judgment under CR 56. Haberman v. Wash. Public Power Supply Sys., 109 Wn.2d 107, 121, 744 P.2d 1032, 750 P.2d 254

(1987), appeal dismissed, 448 U.S. 805 (1988). But if the court can say that the plaintiffs would not be entitled to relief no matter what facts are proven within the context of the claim, the motion remains one under CR 12(b)(6). Haberman, 109 Wn.2d at 121. In such a case, the presentation of extraneous evidence is immaterial. Haberman, 109 Wn.2d at 121.

In determining whether a complaint fails to state a claim for relief under CR 12(b), we apply a less exacting factual requirement than the federal courts. While federal courts require facts demonstrating the "facial plausibility" of a claim, Aschcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), a complaint is factually sufficient in Washington if facts could be established to support the allegations in the complaint. McCurry v. Chevy Chase Bank, FSB, 169 Wn.2d 96, 101, 233 P.3d 861 (2010).

Under CR 56, on the other hand, the focus is on the evidence, not the allegations in the complaint. Dismissal is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Review under either CR 12(b)(6) or CR 56 is de novo. San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007), Hubbard v. Spokane County, 146 Wn.2d 699, 706, 50 P.3d 602 (2002). And we may uphold a dismissal order on any basis supported by the record. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027, cert. denied, 493 U.S. 814 (1989). For the reasons set forth below, we conclude the superior court did not err in

dismissing Parmelee's claims under either CR 56 or the CR 12(b)(6) standard discussed in Haberman.

Before addressing the superior court's ruling, we note that Parmelee claims he lacked notice of any conversion of the CR 12(b)(6) motion to a CR 56 motion. This claim is raised for the first time on appeal and is therefore waived. RAP 2.5(a). The claim is also meritless. In his response to the motion to dismiss, Parmelee acknowledged that respondents were asking the court to consider matters outside the pleadings. He then submitted several declarations and other evidence and proceeded to recite the principles governing summary judgment. He plainly had notice that the motion to dismiss might be decided under CR 56.

## FAILURE TO EXHAUST REMEDIES

An inmate may not file suit against the state or its employees until he or she has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); see Laymon v. Dep't of Natural Res, 99 Wn. App. 518, 522-28, 994 P.2d 232 (2000). It is the defendant's burden to raise and prove the defense of failure to exhaust remedies. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). "Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

It is undisputed that Parmelee never resubmitted his rejected grievances and did not attempt to grieve the alleged retaliation for those grievances. He thus failed to exhaust his administrative remedies. He contends, however, that those remedies were effectively unavailable. Respondents disagree, pointing to Parmelee's continued filing of grievances despite his claims of a "pervasive" policy of retaliation at the Monroe and Stafford Creek facilities. Both parties cite Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). Turner held in part that to demonstrate the unavailability of administrative remedies, an inmate must show (1) that threats or intimidation actually did deter him from lodging a grievance and that (2) the threats or intimidation would deter a reasonable inmate of ordinary firmness from lodging a grievance. Turner, 541 F.3d at 1085. Thus, if an inmate is threatened or assaulted for filing prison grievances, administrative remedies may be rendered unavailable or defendants may be estopped from claiming they were not exhausted. Hemphill v. New York, 380 F.3d 680 (2d. Cir 2004); Tuckel v. Grover, 660 F.3d 1249 (10th Cir. 2011); Turner, 541 F.3d at 1085; Macias v. Zenk, 495 F.3d 37 (2d Cir. 2007); Laymon, 99 Wn. App. at 525.

We conclude that Parmelee has not satisfied the first Turner prong because he continued to file grievances after the alleged acts of retaliation at Monroe. An inmate cannot invoke the unavailability defense or equitable estoppel if he or she continues to file grievances after the administrative remedies allegedly became unavailable. Kasiem v. Switz, 756 F. Supp. 2d 570,

577 (S.D.N.Y. 2010). Parmelee did not dispute in his declarations below that he filed three more grievances at Monroe shortly after the alleged retaliatory acts in May 2010. In his responsive declaration, dated September 20, 2010, Parmelee merely stated: "I believe I have no 'current' grievances pending . . . and if any are pending, I am being retaliated against for doing so." He also alleged that the "incident" in this case "has taught me that grievances may never be filed about any staff misconduct" without risking retaliation. But he did not allege that he refrained from filing such claims in Monroe after the assault and segregation. Nor did he dispute that he filed grievances at Stafford Creek, concerning staff misconduct occurring in October 2010. Those grievances, which are in the record before us, include allegations against guards for threats, harassment, and retaliatory placement in segregation.

Because it is undisputed that Parmelee continued to file grievances at Monroe and Stafford Creek after the alleged retaliatory acts and despite the alleged pervasive policy of retaliation, his allegations fail, as a matter of law, to satisfy the Turner requirement that he was actually deterred from filing further grievances. His claim that administrative remedies were unavailable due to a climate of retaliation fails under either CR 12(b) or CR 56.

Parmelee's reliance on Brodheim v. Cry, 584 F.3d 1262 (9th Cir. 2009), and Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005) is misplaced. Those cases concern proof requirements for the elements of a First Amendment retaliation claim. They stand for the proposition that an inmate's exhaustion of

remedies cannot be used to defeat his claim that adverse acts chilled the exercise of his First Amendment rights. They do not address the requirements for the threshold questions of exhaustion and unavailability.

Parmelee argues in the alternative that administrative remedies were unavailable because the alleged retaliatory acts are not grievable under the Department's policies. Respondents contend this argument is raised for the first time on appeal. Parmelee cites portions of the record purportedly demonstrating his preservation of the argument, but the citations do not support his claim. We do not consider issues that were not raised on summary judgment or are raised for the first time on appeal. RAP 9.12; RAP 2.5(a).

Furthermore, Parmelee's argument fails as a matter of law. The Department's grievance program manual provides that inmates may grieve "incidents, policies or practices" that affect an inmate, including the actions of employees, retaliation for participation in the grievance program, personal safety, and the application or lack of application of policies, rules, and procedures. On their face, these policies allowed Parmelee to grieve the alleged acts of retaliation. Although there is also an official list of nongrievable issues, nothing on the list precluded Parmelee from grieving the actions and incidents at issue here. Significantly, the Monroe grievances underlying Parmelee's complaint, as well as grievances he later filed at Stafford Creek for staff misconduct and retaliatory segregation, were not declared nongrievable despite the presence of check boxes for that resolution on the decision forms. The primary reason given

for not processing the grievances was that they did not meet the criteria for an emergency grievance.

## NO BASIS FOR EQUITABLE ESTOPPEL

Parmelee contends respondents are equitably estopped from asserting any bar to this action because of positions the Department took in response to a personal restraint petition he filed in June 2010. In its response to the petition, the attorney general argued on behalf of the Department that the present civil action and the petition sought relief for the same retaliatory conduct. The attorney general argued that Parmelee could obtain relief by means of his personal restraint petition only if other remedies available to him were inadequate under the circumstances. RAP 16.4(d). Because the present civil action provided Parmelee with another remedy and because there was no showing that this remedy was inadequate, the attorney general maintained that the petition should be dismissed. The attorney general also argued that the petition should be dismissed because he was no longer subject to unlawful restraint. This court dismissed Parmelee's petition on the ground that he failed to show unlawful restraint. Order of Dismissal, No. 66394-1, filed December 13, 2010.

Parmelee's equitable estoppel claim is meritless. The elements of equitable estoppel include an act inconsistent with a claim later asserted and detrimental reliance on that act. Laymon, 99 Wn. App. at 525. Parmelee contends the attorney general's argument in the personal restraint proceeding

that this civil rights action provided another available remedy is inconsistent with the attorney general's arguments below that this action should be dismissed. We rejected the same argument in denying Parmelee's request for sanctions in the personal restraint proceedings. We stated that "[c]ontrary to Parmelee's baseless claim, there is nothing inconsistent, inappropriate or dishonest in the arguments presented by the attorney to the court in either proceeding." We adhere to that ruling here. The attorney general's argument in the personal restraint proceeding was that the present action provided Parmelee a remedy and that he had not demonstrated that it was inadequate. That argument was not inconsistent with the attorney general's argument below that this action should be dismissed. In addition, Parmelee does not explain how he relied to his detriment on the attorney general's position in the personal restraint proceeding. He alleges no act of reliance, and he cannot claim any injury arising from the dismissal of his personal restraint petition since, as noted above, the petition was dismissed on other grounds.

The trial court did not err in rejecting, as a matter of law, Parmelee's claim that respondents were equitably estopped from arguing that this action should be dismissed.

DISMISSAL WITH PREJUDICE

Parmelee contends the court erred in dismissing his federal claims with prejudice. Although dismissals for failure to exhaust remedies should normally be without prejudice, they can be with prejudice if it is too late for the inmate to

exhaust. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004). Parmelee had 20 working days from the date of the underlying incidents to file a grievance. He did not meet this deadline. Although he contends the Department may waive this time limit, the portion of the record he cites allows a waiver only "if the offender presents documentation of his/her attempts to resolve a conflict through a contractor's review process *and* allows the coordinator to photocopy the documentation for the grievance record." That exception is not applicable here.

## STATE LAW CLAIMS

Parmelee contends the court erred in dismissing his state law claims. But the trial court dismissed those claims without prejudice. A dismissal without prejudice is not appealable as a matter of right unless its effect is to determine the action and prevent a final judgment or to discontinue the action. RAP 2.2(a)(3); Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985). The dismissal in this case did not effectively determine the action or prevent a final judgment. In fact, Parmelee has refiled his complaint under a new cause number. The dismissal of his state law claims is therefore not appealable.

## INJUNCTIVE AND DECLARATORY RELIEF

Parmelee contends the court erred in dismissing his requests for declaratory and injunctive relief under RCW 7.24 and RCW 7.40. As noted above, however, Parmelee's state law claims were dismissed without prejudice

and refiled under a new cause number. To the extent his requests for injunctive or declaratory relief involve state law claims, the dismissal of those claims is not appealable.

To the extent Parmelee seeks an injunction and declaratory relief for violations of federal law, his request was properly dismissed for failure to exhaust administrative remedies. In general, if an adequate administrative remedy is available, it must be pursued before a court of equity will intervene. Jeanes v. U.S. Dep't of Justice, 231 F. Supp. 2d 48 (D.D.C. 2002); see also 15 WASHINGTON PRACTICE: CIVIL PROCEDURE: CIVIL 44:10, at 247 (2d ed. 2009). And under 42 U.S.C. § 1997e(a), exhaustion is required regardless of the relief sought by a prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Accordingly, because Parmelee did not exhaust his administrative remedies and his claim that the remedies were unavailable fails as a matter of law, his claims for injunctive relief were properly dismissed.

We deny Parmelee's motion to supplement the record with matters that were not before the court below. RAP 9.11. We also deny his request for costs and expenses on appeal.

No. 66151-5-I/14

Affirmed.

WE CONCUR:

Becker, J.

- 14 -