[No. 31480.  Department One.  December 7, 1950.]

FRED DUX, *Plaintiff*, v. A. R. HOSTETTER, *Appellant*,
ROY B. STOKELY *et al.*, *Respondents*.[1]

*Minnick & Hahner* and *Moulton, Powell & Gess*, for appellant.

*John Horrigan* and *Theodore D. Peterson*, for respondents.

DONWORTH, J.—This action was instituted by plaintiff, Fred Dux, against defendant A. T. Hostetter, doing business as the Lewis Hotel, to recover damages allegedly sustained during the night of May 13, 1949, when, he, as a paying guest, was staying at defendant's hotel in a room assigned him. It was further alleged that during that night a fire broke out in the hotel after plaintiff had retired and, by reason of defendant's negligence in failing to provide adequate safety measures and in failing to comply with the building code of the city of Pasco, the plaintiff suffered severe injuries in making his escape from the fire. A bill

[1]Reported in 225 P. (2d) 210.

of particulars was furnished specifying defendant's alleged acts of negligence in the operation and maintenance of the hotel.

The defendant answered denying all of the material allegations of the complaint and interposed several affirmative defenses.

Subsequently, the defendant filed a petition to bring in as additional parties defendant, Roy B. Stokely and Frank Pope, doing business as the "Sky Club." Notice of hearing of the petition was given to the plaintiff, and upon the hearing the trial court entered an order that Roy B. Stokely and Frank Pope be brought in as additional parties defendant and that defendant Hostetter have leave to amend his answer and file a cross-complaint. Plaintiff then filed an amended complaint, which contained no allegations as to Stokely and Pope, and the defendant filed an amended answer and cross-complaint and served the same upon Stokely and Pope, together with a summons.

Defendant, in his cross-complaint, alleged as follows: Additional parties defendant, Stokely and Pope, leased from defendant a portion of the building in which the Lewis Hotel is located. On the night of May 13, 1949, the fire of which the plaintiff complained originated on the premises leased and occupied by the additional parties defendant and was started through their negligence in causing to be ignited waste paper and other combustible materials which had been wrongfully permitted to accumulate on the premises. Any injury allegedly received by the plaintiff was, therefore, the direct and natural result of the negligent acts and omissions of the additional parties defendant. The defendant in his prayer asked that, if a judgment should be recovered by the plaintiff against the defendant, he be granted a judgment against the additional parties defendant in the same sum. Defendant further asked that he be discharged from all liability to the plaintiff, and that the plaintiff and additional parties defendant be required to litigate among themselves the plaintiff's claim for damages.

After being served with the summons and cross-com-

plaint, the additional parties defendant appeared by serving and filing a "special appearance" as follows:

"COME Now the defendants, Roy B. Stokely and Frank Pope, doing business as Sky Club, by their attorneys, John Horrigan and Theodore D. Peterson, and hereby appear *specially* in the above entitled matter and *only* for the purpose of challenging the jurisdiction of the above entitled Court."

Following the argument on the "special appearance," the trial court took the matter under advisement. Thereafter the following order was entered April 11, 1950:

"THIS MATTER having come on for hearing the 21st day of March, 1950, for argument on the special appearance *and motion for dismissal* from the above entitled action by the defendants, Roy B. Stokely and Frank Pope, doing business as Sky Club; and the court having heard the argument of counsel thereon and being fully advised in the premises; and the court being of the opinion that the defendants, Roy B. Stokely and Frank Pope, cannot be joined in the above entitled action upon the motion of the defendant, A. T. Hostetter, doing business as Lewis Hotel, Now THEREFORE,

"IT IS HEREBY ORDERED, ADJUDGED & DECREED that unless the plaintiff, Fred Dux, in the above entitled action shall amend his complaint and state a cause of action against the defendants, Roy B. Stokely and Frank Pope, joining them as defendants with the defendant, A. T. Hostetter, doing business as Lewis Hotel, within ten days from the date of this order, the defendants, Roy B. Stokely and Frank Pope, *shall be dismissed* without prejudice from the above entitled action."

We have italicized the words "and motion for dismissal" because no such motion appears in the record. If this was an oral motion, there is nothing to indicate what the grounds of the motion were. The only matter before the court at the hearing was Stokely and Pope's special appearance challenging the jurisdiction of the court.

Defendant A. T. Hostetter served notice of appeal from this order on April 18, 1950, and filed it on the following day. He filed his bond for costs on appeal within the five-day period as required by the applicable statute.

A minute entry by the clerk of the superior court, dated April 25, 1950, indicates that on that date, the trial court entered an order dismissing additional defendants Stokely and Pope upon finding that no amended complaint had been filed by the plaintiff in accordance with the order of April 11, 1950.

Respondents (Stokely and Pope) have moved to dismiss this appeal of A. T. Hostetter upon the ground that the order of April 11, 1950, being a dismissal without prejudice, was not a final order and therefore not appealable.

We are of the opinion that the order of April 11, 1950, was not an appealable order, but for a different reason than that assigned by respondents. That order did not purport to make any final disposition of appellant's cross-complaint. It provided that unless the plaintiff (who is not a party to this appeal) should amend his complaint within ten days to state a cause of action against respondents, thus joining them as defendants with appellant, the respondents "shall be dismissed" from the action.

Our statute relating to appeals (Rem. Rev. Stat., § 1716 [P.P.C. § 5-1]) provides:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding. . . .

"(6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; . . ."

The order entered April 11, 1950, neither determined nor discontinued the action against respondents and therefore was not appealable under the provisions of the above statute. The order which did finally dispose of appellant's cross-complaint was entered April 25, 1950, when respondents were actually dismissed from the action.

In *Strickland v. Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900, a verdict had been rendered against the

appellant, but no judgment had yet been entered thereon when appellant attempted to perfect its appeal. This court, sitting *En Banc*, in construing the applicable statutes relative to appeals, stated:

"Manifestly, these statutes contemplate an orderly procedure. They contemplate that, before a pending action can be said to be concluded, there must be a final determination of the rights of the parties to the action; that the final determination must be expressed in writing, signed by the judge of the court in which the action is pending, filed with the clerk and recorded in the journal of the court, and that then, and not until then, is the action ripe for an appeal. Any appeal, therefore, purported to be taken from a final judgment, but taken before the entry of such judgment, would seem of necessity to be premature.

"But, assuming that under our decision there may be some departure from the strict statutory rule—that an appeal may not be dismissed when the appeal notice describes with reasonable certainty the judgment or order from which the appeal is taken, even though the judgment or order be not described with strict accuracy or precision—we think that, in the interest of orderly procedure and certainty, and that there may be no room for confusion or dispute as to the matter before the court, an appeal should not be entertained from a final judgment order on a notice given prior to its formal pronouncement and entry in the manner the statute requires.

"In the instant case, the notice in no way describes the judgment brought up for review. The notice recites that the appellant, 'feeling aggrieved at the verdict and judgment rendered against it,' appeals 'from said verdict and judgment.' Its references are to. proceedings then completed, not to proceedings that may be had in the future, and it is hardly conceivable that the party giving the notice could have had in contemplation a judgment subsequently to be entered. As the judgment it now seeks to review was not then in existence, the appeal is premature not only under the statute, but under our adjudicated cases, and must be dismissed."

Appellant has taken no appeal from the order of April 25, 1950, and we must, in accordance with the decision referred to, hold that his appeal from the order of April 11, 1950, was premature, since that was not a final order from

which an appeal could be taken. Respondents were not dismissed from the case until seven days after appellant served his notice of appeal.

█ We are constrained to grant respondents' motion to dismiss appellant's appeal, although for a different reason than that assigned by respondent. Since the jurisdiction of this court is involved, it is our duty to pass upon this question, even though the ground of its being premature has not been assigned by respondents in their motion.

The appeal is accordingly dismissed.

BEALS, SCHWELLENBACH, HILL, and GRADY, JJ., concur.