# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

MAHARUKH GHADIALI,                     )     No. 72315-4-I
                                       )
          Respondent,       )
                                       )
v.                                     )
                                       )
CATHERINE CINA,                        )     UNPUBLISHED OPINION
                                       )
          Appellant.        )     FILED: September 28, 2015
_____)

VERELLEN, J. — After purchasing property at a nonjudicial deed of trust

foreclosure sale, Maharukh Ghadiali began an unlawful detainer action seeking to

remove Catherine Cina from possession. Cina sought a stay pending the outcome of

her federal lawsuit challenging the validity of the sale. But the federal court had already

refused to restrain the sale because Cina did not demonstrate any likelihood of success.

Cina does not establish that the trial court abused its discretion in refusing to stay the

unlawful detainer proceeding pending the outcome of the federal lawsuit.

Additionally, Cina filed a motion to stay the writ of restitution pending her appeal

of the writ, but she struck her motion. Cina does not establish any error as to the

motion to stay the writ because the trial court had no obligation to rule upon the motion

stricken by Cina.

## FACTS

In May 2011, Cina defaulted on the deed of trust securing her loan from Wells

Fargo Bank, N.A. Quality Loan Service Corporation, as successor trustee under the

deed of trust, sent Cina a notice of default and a notice of trustee's sale advising her that her property was scheduled to be sold on March 28, 2014. The trustee's sale was postponed to May 30, 2014.

On April 17, 2014, Cina filed a complaint in the King County Superior Court against Quality Loan, Wells Fargo, Wells Fargo Home Mortgage, Federal Home Loan Mortgage Corporation (Freddie Mac), and Northwest Trustee Services, Inc. for wrongful foreclosure, violations of the deeds of trust act, chapter 61.24 RCW, and the Consumer Protection Act, chapter 19.86 RCW, common law fraud and misrepresentation, and breach of contract to quiet title on her property.[1]

Cina also filed a motion for a temporary restraining order enjoining the defendants from proceeding with the sale of her property. On May 27, 2014, Freddie Mac removed the case to federal district court. In denying Cina's motion for a temporary restraining order, the federal district court ruled that

> there is no likelihood of success on the merits as required to support a temporary restraining order. [Cina] has not filed any proof that she complied with the [deeds of trusts act] by giving five days' notice of this motion to the trustee as required by RCW 61.24.130(2). . . . Nor has [Cina] offered to pay the clerk of court the periodic amount of principal, interest and reserves due on the loan. She has not demonstrated an ability to make those payments and as a result, the [c]ourt cannot provide the relief she seeks.
>
> Furthermore,. . . [Cina] has not established the likelihood of success on her claims that would support the issuance of an injunction.[2]

Cina appealed to the Ninth Circuit Court of Appeals.

---

[1] Cina filed an amended complaint on April 30, 2014.

[2] Clerk's Papers (CP) at 15-16.

On June 6, 2014, Ghadiali purchased Cina's property at the trustee's sale. On June 18, 2014, Quality Loan recorded the trustee's deed conveying the property to Ghadiali. On July 7, 2014, Ghadiali filed this unlawful detainer action, seeking possession of the foreclosed property. On July 29, 2014, Cina filed a motion to stay the unlawful detainer proceedings pending resolution of her appeal of the federal district court order.

At the show cause hearing on July 31, 2014, a superior court commissioner declined to stay the unlawful detainer proceedings, noting that there is "an actual order from another court" that "denie[d] the request to restrain the sale."[3] The commissioner found that Cina had not vacated the premises within 20 days of the trustee's sale and continued to be in possession of the premises. He concluded that Ghadiali was entitled to possession of the property and issued a writ of restitution.

On August 4, 2014, Cina filed a notice of appeal of the writ of restitution. A day later, she filed an expedited motion for stay of writ of restitution. On August 7, 2014, the King County sheriff evicted Cina from the property. Cina voluntarily struck her motion to stay the writ of restitution the same morning that her motion was scheduled for hearing on August 11, 2014.

On December 3, 2014, the Ninth Circuit Court of Appeals dismissed Cina's appeal of the federal district court's order as moot. The federal district court dismissed Cina's remaining claims on summary judgment on December 22, 2014. Cina appeals the writ of restitution and also contends that she was entitled to a stay of the writ of restitution pending appeal.

---

[3] Report of Proceedings (RP) (July 31, 2014) at 20.

ANALYSIS

Cina contends that the superior court erred when it refused to stay the unlawful detainer action and granted Ghadiali a writ of restitution. She argues that "because the trustee's sale was unlawful and did not proceed according to the requirements of the Deed of Trust Act, [Ghadiali] is not the rightful owner of the property and does not maintain the right to possession."[4] We disagree.

Unlawful detainer is a special statutory proceeding. RCW 61.24.060(1) expressly provides that the purchaser at a trustee's deed of trust foreclosure sale shall be entitled to possession of the property on the twentieth day following the sale and "shall have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." The scope of an unlawful detainer action is narrow, "limited to the question of possession and related issues such as restitution of the premises and rent."[5] "In order to protect the summary nature of the unlawful detainer proceedings, other claims, including counterclaims, are generally not allowed."[6]

Cina provides no authority that her challenges to the validity of the deed of trust foreclosure sale are the type that may be raised in a resulting unlawful detainer action brought by the purchaser of the property. The deeds of trust act includes a "specific procedure for stopping a trustee's sale so that an action contesting default can take place."[7] RCW 61.24.130(1) provides that the borrower may move "to restrain" a trustee's sale "on any proper ground." "However, a court cannot grant a 'restraining

---

[4] Appellant's Br. at 8.

[5] Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

[6] Id.

[7] Plein v. Lackey, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003).

order or injunction to restrain a trustee's sale' unless the person seeking the order has provided five days' notice to the trustee of the attempt to seek the order and has paid amounts due on the obligation secured by the deed of trust.'"[8] This statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure."[9]

"The granting or withholding of an injunction is addressed to the sound discretion of the trial court to be exercised according to the circumstances of each case."[10] "The trial court's decision exercising that discretion will be upheld unless it is based upon untenable grounds, or is manifestly unreasonable, or is arbitrary."[11]

Here, the superior court declined to stay the unlawful detainer proceedings pending the appeal of the federal district court order, noting that there is "an actual order from another court" that denied the request to restrain the sale of Cina's property.[12] The federal district court considered Cina's allegations concerning the trustee's violations of the deeds of trust act and concluded that she failed to demonstrate any likelihood of success on the merits of her claims. It also determined that she did not demonstrate any ability to make the payment or offer to pay the amount due on the loan and that she did not file any proof that she complied with the deeds of trust act by giving five days' notice of her motion to the trustee. The sale was therefore allowed to proceed. The

---

[8] Plein, 149 Wn.2d at 225-26 (quoting RCW 61.24.130(1), (2)).

[9] Cox v. Helenius, 103 Wn.2d 383, 388, 693 P.2d 683 (1985).

[10] Washington Fed'n of State Employees, Council 28, AFL-CIO v. State, 99 Wn.2d 878, 887, 665 P.2d 1337 (1983).

[11] King v. Riveland, 125 Wn.2d 500, 515, 886 P.2d 160 (1994).

[12] RP (July 31, 2014) at 20.

merits of the case were subsequently ruled on when the federal court dismissed Cina's claims on summary judgment.

Ghadiali purchased Cina's property on June 6, 2014. The trustee's deed expressly granted Ghadiali ownership of the property as the highest bidder at the public auction. And pursuant to RCW 61.24.060, Ghadiali was entitled to possession on June 26, 2014, as well as the right to obtain possession through an unlawful detainer action. Cina was still in possession of the property on July 31, 2014, more than 20 days after the trustee's sale. Because an unlawful detainer action focuses on the right of possession,[13] the superior court did not abuse its discretion when it refused to stay the unlawful detainer action and granted Ghadiali a writ of restitution.

Cina also assigns error to the trial court's "denial" of her motion to stay the writ of restitution pending appeal. She argues that "[t]he court denied the stay pending appeal because [Cina] could not pay the [homeowner association] dues and the back rent in one lump sum at the day of the hearing."[14] But the record expressly establishes that Cina voluntarily struck her motion to stay the writ of restitution.[15]

---

[13] See Phillips v. Hardwick, 29 Wn. App. 382, 386, 628 P.2d 506 (1981) (an unlawful detainer action is limited to the right of possession, plus incidental issues such as restitution, rent, or damages).

[14] Appellant's Br. at 10.

[15] The order on civil motion states, "The above-entitled Court, having heard a motion to stay the writ of restitution pending appeal, and *the defendant having stricken the motion at 8:30 a.m.* for a 9:00 a.m. hearing, and the court and plaintiff's counsel having learned of the strike at 9:00 a.m. when the hearing was called. The court finds that defense counsel, Ms. Smith should pay terms to plaintiff. Plaintiff may note a motion for presentation for judgment on the underlying case at which time the court will consider the amount of terms–if any–Ms. Smith shall pay." CP at 186 (emphasis added). Other documents confirm Cina's counsel struck the motion. CP at 215 ("Attached as Exhibit C is a copy of the August 11, 2014 e-mails from me to [opposing counsel] notifying him and confirming that the hearing at 9:00 that morning was stricken."); CP at 219 ("Counsel–I will be striking the hearing scheduled for this morning

Nevertheless, Cina contends that "RAP 8.1 grants a party as a matter of right a stay against enforcement of any decision affecting its right to possession of property by the filing of a bond, cash, or alternate security."[16] But the unlawful detainer statutes govern any stay of a writ of restitution pending an appeal.[17] RCW 59.12.200 controls and is not superseded by RAP 8.1 or RAP 8.3.[18] In any event, because there is no decision for this court to review, Cina's arguments fail.

Ghadiali argues that she should be awarded attorney fees under RAP 18.9 for a frivolous appeal.[19] We disagree.

---

in Ex Parte in Kent, and I will be notifying the court this morning."); CP at 220 ("Counsel–I just confirmed with Ex Parte in Kent that the hearing scheduled for this morning is stricken.").

[16] Appellant's Br. at 8.

[17] RCW 59.12.200 provides: "A party aggrieved by the judgment may seek appellate review of the judgment as in other civil actions: PROVIDED, That if the defendant appealing desires a stay of proceedings pending review, the defendant shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, conditioned to abide the order of the court, and to pay all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding."

RCW 59.12.220 provides: "If a writ of restitution has been issued previous to the taking of an appeal by the defendant, and said defendant shall execute and file a bond as provided in this chapter, the clerk of the court, under the direction of the judge, shall forthwith give the appellant a certificate of the allowance of such appeal; and upon the service of such certificate upon the officer having such writ of restitution the said officer shall forthwith cease all further proceedings by virtue of such writ; and if such writ has been completely executed the defendant shall be restored to the possession of the premises, and shall remain in possession thereof until the appeal is determined."

[18] Comment to RAP 18.22 ("RCW 59.12.200 affects relief available under Rules 8.1 and 8.3, and is retained.").

[19] Resp't's Br. at 11.

7

"The rules of appellate procedure permit an award of attorney fees to a prevailing respondent in a frivolous appeal."[20] "An appeal is frivolous when there are no debatable issues upon which reasonable minds could differ and when the appeal is so totally devoid of merit that there was no reasonable possibility of reversal."[21]

Although the trial court clearly did not abuse its discretion, the question whether the trial court should have stayed the unlawful detainer action pending the outcome of the federal lawsuit was not frivolous. We deny attorney fees.

Affirmed.

WE CONCUR:

_____

_____

_____

---

[20] Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987).

[21] Id.