FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 AUG 21  AM 8: 57

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

OOLA INDUSTRIES, LLC,                )
a Washington limited liability company, )       No. 75809-8-I
                                      )
            Respondent,               )       DIVISION ONE
                                      )
      v.                              )
                                      )
STAPLES RESTAURANTS, LLC,             )
a Washington limited liability company, )       UNPUBLISHED OPINION
                                      )
            Appellant.                )       FILED: August 21, 2017
_____ )

BECKER, J. — This is an appeal from an order denying compelled arbitration of an unlawful detainer action. The parties' lease does not create a duty to arbitrate the dispute. Accordingly, we affirm.

Declarations and exhibits submitted to the trial court establish the underlying facts. Respondent Oola Industries LLC holds a master lease for commercial property located in the Capitol Hill neighborhood of Seattle. In 2011, Oola subleased a unit of the property to appellant Staples Restaurants LLC for a term beginning on June 17, 2011, and ending on October 16, 2020. The lease required that Staples use the unit to operate a full-service restaurant and "for no other purpose":

> The Subpremises shall be used for a Full Service Restaurant and full bar (with a Class H liquor license) and for no other purpose, without the prior written consent of Sublessor, which consent may

not be unreasonably withheld. The Subpremises shall not be used for any illegal purposes nor in any manner to create any nuisance or trespass . . . Notwithstanding the foregoing, Sublessee's use shall not interfere or conflict with Sublessor's use of the Premises or the exclusive use granted to any other Sublessees in the Premises.

Staples opened Restaurant Zoe. Oola subleased remaining units of the property to other businesses, including a company that operated an event space out of its unit.

Restaurant Zoe struggled financially. The owners, Heather and Scott Staples, determined that operating an event space would yield greater profits. They made the transition in early 2016. Restaurant Zoe became "Zoe Events." Oola's managing member, Kirby Kallas-Lewis, did not object when he first learned of the transition. According to his declaration, he believed that the change in use was only temporary.

Kallas-Lewis later contested the changed use. In an e-mail sent to Scott Staples in April 2016, Kallas-Lewis said, "Sorry that the event space is not working for me. But as your lease states it is to be used for a 'Full Service Restaurant and full bar'" and "'no other purpose.'" Further communications between the parties did not resolve the issue. As far as the record reveals, Staples continued using the space for events and did not convert it back to a restaurant or transfer its lease to a different restaurant company, despite Oola's requests to do so.

Oola issued a "Notice of Default" to Staples on May 16, 2016. The notice alleged that Staples breached the lease by changing to an event space and this change in use "was done unilaterally," without prior written consent from Oola.

The notice warned that if Staples failed to cure the default within 30 days by resuming operation of a restaurant, Oola would "exercise its remedies provided in the lease," including "termination of the lease, recovery of damages, and repossession of the premises by Oola using such means allowable under law."

Staples did not comply with the notice. Oola filed this suit on June 22, 2016. The complaint, titled "Unlawful Detainer, Writ of Restitution and Damages," alleged that Oola was entitled to repossession of the premises and other damages based on Staples's breach of the lease. Oola also filed a motion to show cause why a writ of restitution, authorizing eviction, should not be granted. This motion was supported by a declaration submitted by Kallas-Lewis in which he claimed that Staples never sought, and Oola never granted, written consent to operate an event space. Kallas-Lewis alleged that Zoe Events was creating competition for the other event company in the building, among other problems.

In its response briefing, Staples denied that it had breached the lease. Staples argued, among other things, that Oola "consented to Staples's operation of Zoe as an event space thereby ratifying any required modifications to the Sublease to allow this use." Alternatively, Staples asked the court to send the dispute to arbitration or convert it to an ordinary civil suit. Staples relied on a provision of the lease that requires arbitration of any claim arising out of the lease. The problem for Staples is that the lease excepts claims of unlawful detainer from the arbitration provision:

> DISPUTE RESOLUTION: Any controversy or claim arising out of or relating to this Sublease, or the breach thereof, other than an

3

> action for nonpayment of Rent, *or for unlawful detainer or ejectment,* shall be determined by arbitration in Seattle under the American Arbitration Association (AAA) Commercial Arbitration Rules with Expedited Procedures.

(Emphasis added.)

After a show cause hearing on July 28, 2016, the court entered an order for a writ of restitution entitling Oola to possession of the property, conditioned on a $700,000 bond. Oola did not enforce the writ because it could not afford to pay the bond. Trial was set for September 2016.

Staples then filed a motion to stay the proceedings and compel arbitration, which Oola opposed. The court denied the motion in an order entered on August 25, 2016. Staples appeals and argues that arbitration is required.

The direct appeal by Staples is proper even though there has been no final judgment. A trial court's order denying a motion to stay judicial proceedings and compel arbitration is appealable as of right under RAP 2.2(a)(3). Herzog v. Foster & Marshall, Inc., 56 Wn. App. 437, 445, 783 P.2d 1124 (1989). Our review is de novo. Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 797, 225 P.3d 213 (2009).

In an action to compel arbitration, the threshold question of arbitrability is for the court. Meat Cutters Local No. 494 v. Rosauer's Super Mkts., Inc., 29 Wn. App. 150, 154, 627 P.2d 1330, review denied, 96 Wn.2d 1002 (1981). Courts should consider four guiding principles when determining if two parties agreed to arbitrate a dispute: (1) the duty to submit a matter to arbitration arises from the contract itself, (2) the question of whether parties have agreed to arbitrate a dispute is a judicial one unless the parties clearly provide otherwise, (3) a court

should not determine the underlying merits of a dispute in determining the arbitrability of an issue, and (4) arbitration of disputes is favored by the courts. Kamaya Co. v. Am. Prop. Consultants, Ltd., 91 Wn. App. 703, 713-14, 959 P.2d 1140 (1998), review denied, 137 Wn.2d 1012 (1999).

Here, the first principle—whether a duty to arbitrate arises from the contract—is dispositive. A contractual dispute is arbitrable unless it can be said with positive assurance that the arbitration clause adopted by the parties is not susceptible to an interpretation that covers the dispute. Kamaya, 91 Wn. App. at 714. Oola and Staples adopted an arbitration clause that covers "Any controversy or claim arising out of or relating to" the lease, excluding actions "for unlawful detainer or ejectment."

Unlawful detainer actions are summary proceedings, given calendar priority, to determine the right of possession between landlord and tenant. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

Staples argues that while Oola has styled this case as an unlawful detainer action, it is most aptly characterized as a suit for breach of lease because unlawful detainer actions typically involve a tenant's failure to pay rent and Staples has paid all rent owed. But unlawful detainer is not confined to situations where rent is owed. The action is available whenever a tenant continues in possession after a default in payment of rent or "a neglect or failure to keep or perform" any other "condition or covenant" of a lease. RCW 59.12.030(3), (4). In other words, any alleged breach of lease—including but not limited to nonpayment of rent—may serve as the basis for an unlawful

detainer action. Oola is seeking repossession of the premises based on a claimed breach by Staples of a provision requiring use of the premises only for a restaurant and bar. The action is thus properly characterized as one for unlawful detainer. The arbitration clause adopted by the parties, which expressly excludes unlawful detainer actions from its scope, is not susceptible to an interpretation that covers the present dispute. Oola's decision to proceed in court with an unlawful detainer action must be given effect.

The unlawful detainer trial will allow the parties to litigate issues incident to the right of possession, including whether Staples changed the use of the premises and relatedly, whether Oola consented to the change of use. If, at some point during this suit, the right to possession is no longer an issue (leaving only Oola's claim for monetary damages or perhaps one or more of the counterclaims asserted by Staples), the action may be converted into an ordinary civil suit for damages. Munden, 105 Wn.2d at 45-47.

Staples raises two other issues for the first time on appeal. Staples contends that the trial court erred by deciding arbitrability in light of a provision in the lease stating that whether a claim is covered by the arbitration clause "shall be determined by arbitration." During oral argument before this court, Staples suggested that the question of arbitrability is "jurisdictional" and therefore may be raised for the first time on appeal under RAP 2.5(a)(1). We disagree. "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction." Cole v. Harveyland, LLC, 163 Wn. App. 199, 209, 258 P.3d 70 (2011). Because

interpreting a lease provision in an action for unlawful detainer is within the superior court's subject matter jurisdiction, RAP 2.5(a)(1) does not provide Staples with an escape from its failure to raise this issue below.

Staples also contends for the first time on appeal that the unlawful detainer claim should be separated from the breach of contract claim and the latter sent to arbitration. Staples does not provide a reason why we should address this unpreserved argument. We decline to do so. RAP 2.5(a).

Oola seeks attorney fees and costs. Oola relies on a lease section stating that if Staples commits a breach that remains uncured after 30 days' notice, Oola will be entitled to damages incurred due to the breach, including reasonable attorney fees. So far as the record reveals, there has not yet been a finding that Staples committed a breach. Oola's request for attorney fees under the lease is premature. Staples requests attorney fees and costs under the same lease section, and also fails to show any entitlement to fees and costs in the current posture of the case. Both requests are denied.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, J.

Appelwick, J.

7