IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RICHLAND SKY APARTMENTS, LLC, | ) | No. 40632-6-III |
| a Washington limited liability company, | ) | |
| d/b/a ISLAND VIEW APARTMENTS, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| MONIQUE PEARSON | ) | |
| | ) | |
| Appellant. | ) | |

HILL, J. — When Monique Pearson failed to pay rent, her landlord, Richland Sky

Apartments, LLC (Richland Sky), filed an unlawful detainer action. At her show cause

hearing, Pearson chose not to challenge Richland Sky's motion for a writ of restitution.

However, she alleged Richland Sky committed source of income discrimination and

failed to act in good faith. Pearson asked the court to set the matter for trial to determine

possession of the premises, the amount of rent due, and attorney fees.

The court weighed the evidence, found Pearson lacked credibility, and determined

that even if what Pearson alleged was true, she failed to raise a substantial issue of

material fact to warrant a trial. The court issued the writ of restitution and awarded

Richland Sky a judgment for unpaid rent and attorney fees.

On appeal, Pearson argues the trial court erred by weighing evidence and making credibility determinations to find there were no substantial issues of material fact to proceed to trial. Pearson also argues the trial court's fee award was improper because Richland Sky did not comply with the civil rules by filing a motion or making an adequate showing that the attorney's hourly rate and total time expended were reasonable.

While we agree with Pearson that the trial court impermissibly weighed evidence and made credibility determinations when it decided there were no genuine issues of material fact, we agree with the court that a trial was unnecessary. We also uphold the trial court's attorney fee award and we grant Richland Sky its fees on appeal.

FACTS

We summarize the facts in the light most favorable to Pearson. In December 2023, Pearson entered into a one-year apartment lease with Richland Sky. Beginning in February 2024, Pearson experienced health issues, worked fewer hours, and eventually lost her job.

Pearson's rent payment was due on the 1st of every month. When she failed to pay March's rent, Richland Sky served her with a thirty-day notice to pay or to vacate. The notice informed Pearson that her tenancy would end on April 7 if she did not pay

rent by that time. In "early April" Pearson "began looking for help paying rent." Clerk's Papers (CP) at 125. On some unidentified date and time, Pearson asked the apartment manager, Keith Wilson (Wilson), about rental assistant programs. Wilson said Richland Sky stopped accepting them. In mid-April, with the rent still unpaid, Pearson e-mailed Wilson promising to pay the outstanding rent in full by April 25. Pearson also informed Wilson that she would seek rental assistance from her church. Wilson responded by e-mail, telling Pearson to have the church reach out to him directly if it wanted to pay the rent in full or contribute to the balance. Pearson claims, on some unidentified date and time, Wilson told her that Richland Sky would only accept a certified check from Pearson's church or any other third party willing to help her with rent.

On April 26, Pearson e-mailed Wilson again, this time informing him that "the Deacon never showed up last night and I have not been able to get ahold of him or the Bishop since yesterday afternoon." CP at 104. She told Wilson that she had enough money to satisfy March's rent and asked about a payment plan for April. By this time April's rent was also past due and May's rent would be due a week later. Wilson told Pearson that he would only accept payment if it covered March and April's rent. Pearson never paid, using the money instead to travel for medical treatment.

3

On May 13, Richland Sky filed an unlawful detainer action alleging Pearson failed to comply with the 30-day pay or vacate notice and was unlawfully detaining the premises. Richland Sky requested possession of the apartment and a judgment for unpaid rent and attorney fees. After two continuances, Pearson filed an Answer asserting tender and lack of good faith as affirmative defenses. Pearson later abandoned the tender defense and amended her Answer to allege source of income discrimination.

At the hearing on June 21, defense counsel told the court that income discrimination would be difficult to prove under the procedures of a show cause hearing because it would require testimony from members of Pearson's church. The court granted Pearson another continuance, this time for nearly a month, so counsel could contact witnesses and present testimony.

At a preliminary hearing on July 12, defense counsel told the court that the anticipated witnesses from Pearson's church preferred not to be involved in litigation. Counsel understood he could subpoena the witnesses but told the court he would not do so. Counsel stated he decided not to intrude on the privacy of a religious organization or interfere with his client's relationship with the members of her faith community.

The show cause hearing took place on July 17. Pearson was not present. Defense counsel told the court Pearson would not contest the writ of restitution but was contesting

the ultimate issue of possession and any judgment for unpaid rent or attorney fees.

Pearson maintained that Wilson's statements that Richland Sky would not accept rental

assistance or anything other than a certified check from a third party constituted source of

income discrimination and a failure to act in good faith. Pearson demanded a trial on

these issues, arguing her declaration presented substantial issues of material fact.

The court expressed its doubts about Pearson's credibility, weighed the evidence,

and concluded that even if Pearson's declaration were true, it would not create a valid

defense for source of income discrimination. The court found there were no substantive

issues of material fact warranting a trial. The court issued the Writ of Restitution and

awarded Richland Sky $8,553.19 for unpaid rent, $3,497.50 for attorney fees, and

$472.00 for Richland Sky's costs and disbursements, for a total judgment of $12,522.69.

The court reasoned that attorney fees were appropriate due to the number of appearances

requested by defense counsel and defense counsel's failure to produce witnesses for the

special set hearing.

## LAW AND ANALYSIS

On appeal, Pearson argues the trial court erred in several ways. First, she argues

the trial court did not have authority to make credibility determinations or weigh

evidence when it decided there were no substantive issues of material fact. Second, she

5

argues her case should have proceeded to trial on her affirmative defenses of source of

income discrimination and failure to act in good faith. Third, she challenges the court's

attorney fees award because Richland Sky did not file a separate motion or produce

evidence demonstrating the hourly rate and total hours spent were reasonable.

    *Scope of Unlawful Detainer Action*

    Before we reach Pearson's assignments of error, we address Richland Sky's

contention that Pearson was precluded from pursuing her affirmative defenses through an

unlawful detainer trial once she chose not to contest the writ of restitution.

    An unlawful detainer action is limited to the question of possession and related

issues such as restitution of the premises and rent. *Munden v. Hazelrigg*, 105 Wn.2d 39,

45, 711 P.2d 295 (1985). When a tenant does not dispute the landlord's right to

immediate possession, this "does not necessarily mean the right to possession is

undisputed." Hous. Auth. of City of Pasco & Franklin Cnty. v. Pleasant, 126 Wn. App.

382, 389, 109 P.3d 422 (2005). While a party may not generally bring counterclaims in

an unlawful detainer action, it may bring counterclaims or affirmative defenses if they are

"based on facts which excuse a tenant's breach." *Munden*, 105 Wn.2d at 45 (quoting

*First Union Mgt., Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984)); *See also*

*Port of Longview v. Int'l Raw Materials, Ltd.*, 96 Wn. App. 431, 438, 979 P.2d 917

(1999) (holding that courts in an unlawful detainer action may decide issues necessarily related to the dispute over possession). When a tenant raises a substantive issue of material fact pertaining to a defense against eviction, "the case must go to trial, even if the tenant has temporarily lost possession pursuant to a writ of restitution." *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 218-21, 528 P.3d 834 (2023).

Although Pearson did not contest the writ of restitution, she did contest the ultimate issue of possession and her liability for unpaid rent. Whether we treat Pearson's source of income discrimination claim as an affirmative defense or a counterclaim, it falls within the scope of an unlawful detainer action because, if successful, it would excuse her breach of the lease. Had Pearson presented a substantial issue of material fact on her affirmative defenses, the case would have appropriately been set for trial.

*Credibility*

We now turn to Pearson's assignments of error. Although the standard of review on a trial court's decision on a tenant's affirmative defense in an unlawful detainer action is not well-developed, we have previously decided the issue de novo. *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d at 218-19. We apply that standard of review here.

Pearson contends that the trial court erred by weighing evidence and assessing credibility when it determined there were no substantive issues of material fact to warrant

7

a trial. Richland Sky counters that the trial court is permitted under RCW 59.18.380 to assess credibility and weigh evidence in this manner. We agree with Pearson that assessing credibility and weighing evidence exceeds a trial court's authority at an unlawful detainer show cause hearing beyond deciding the issue of immediate possession.

In the context of summary judgment proceedings, "the trial court may not weigh evidence, assess credibility, or otherwise resolve issues of material fact." *Haley v. Amazon.com Servs., LLC*, 25 Wn. App. 2d 207, 217, 522 P.3d 80 (2022). In an unlawful detainer show cause hearing, the court is initially required to "examine the parties and witnesses orally to ascertain the merits of the complaint and answer." RCW 59.18.380. At this stage of the hearing, the court may appropriately weigh evidence and consider credibility. If the court finds the landlord is likely to prevail on the merits at trial, the court may issue a writ of restitution and award the landlord possession of the residence. *See Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 528 P.3d 834 (2023). Once the court makes this initial determination, it must then decide if there exists a substantial issue of material fact to proceed to trial. In doing so, the court is bound by the same restraints of a summary judgment hearing, such as refraining from assessing credibility or

weighing evidence. Inasmuch as the court did otherwise in Pearson's unlawful detainer hearing, it was error.

*Substantive Issue of Material Fact*

We now turn to the issue of whether Pearson presented a substantial issue of material fact to proceed to trial. At an unlawful detainer show cause hearing, the court may grant relief beyond a writ of restitution if there is no substantial issue of material fact. RCW 59.18.380. The word "substantial" is different from "genuine" as found in CR 56(c), but Washington courts have declined to address whether there is a distinction between a *substantial* issue of material fact and a *genuine* issue of material fact. *Webster v. Litz*, 18 Wn. App. 2d 248, 256, 491 P.3d 171 (2021). The parties here treat "substantial" synonymously with "genuine." Under CR 56(c), a genuine issue of material fact exists only where reasonable minds could reach different conclusions. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).

When a tenant presents a substantial issue of material fact as to whether they are in compliance with their lease terms, the tenant is entitled to a trial. *Hous. Auth. of City of Pasco & Franklin Cnty. v. Pleasant*, 126 Wn. App. 382, 393, 109 P.3d 422 (2005); *See also Indigo Real Estate Servs., Inc. v. Wadsworth*, 169 Wn. App. 412, 421, 280 P.3d 506 (2012); *Webster*, 18 Wn. App. 2d at 254. However, "[t]here is no issue for trial unless

9

there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Sehmel v. Shah*, 23 Wn. App. 2d. 182, 191, 514 P.3d 1238 (2022) (quoting *Anderson*, 477 U.S. at 249).

At her show cause hearing, Pearson raised source of income discrimination and lack of good faith as affirmative defenses for her failure to pay rent. In her declaration, Pearson stated she pursued rental assistance through several third parties including her church. She argued that Richland Sky's statements to her that it stopped accepting rental assistance and would only accept a certified check from a third party constituted source of income discrimination under RCW 59.18.255 and a failure to act in good faith under RCW 59.18.020.[1]

We do not analyze Pearson's defenses in detail for two reasons. First, Pearson does not show that Richland Sky's statements occurred before the end of the 30-day pay or vacate period. Second, the trial court was justified in relying on defense counsel's

---

[1] As to source of income discrimination, a landlord may not "[m]ake any distinction, discrimination, or restriction against a prospective tenant or current tenant in the price, terms, conditions, fees, or privileges relating to the rental, lease, or occupancy of real property or in the furnishing of any facilities or services in connection with the rental, lease, or occupancy of real property." RCW 59.18.255. As to good faith, a landlord must act with "good faith" in the "performance or enforcement" of the Residential Landlord and Tenant Act (RLTA). RCW 59.18.020.

statements that no one from Pearson's church was willing to testify and counsel would not subpoena them.

In her declaration, Pearson acknowledges she (a) did not pay March's rent, (b) was served with a valid 30-day pay or vacate notice, and (c) had until April 7 to comply with the notice. In her declaration, she states that sometime "in early April" she spoke with the apartment manager about rental assistance and he informed her Richland Sky no longer accepted it. CP at 125. Pearson did not state this conversation occurred prior to April 7, and there is no record, such as an e-mail, to supply the missing date. The same is true of Pearson's claim that Wilson told her Richland Sky would only accept a certified check from a third party. Even if Richland Sky's statements would have constituted source of income discrimination or a lack of good faith, the trial court was not presented with any evidence that these statements occurred prior to Pearson failing to pay rent or the expiration of the pay or vacate notice.

Alternatively, defense counsel acknowledged that Pearson's source of income discrimination defense "relies on corroboration from third parties." Rep. of Proc.(RP) at 11. He conceded his client's declaration, standing alone, would "include hearsay about what the church was willing to do." RP at 13-14. After the court continued the show cause hearing so Pearson could present testimony from these church members, counsel

informed the court that no one from the church was willing to testify. More importantly, counsel told the court he was unwilling to subpoena these witnesses as this would interfere with Pearson's relationship with members of her faith community. The court was justified in relying on counsel's statements and concluding there could be no evidence at trial to support Pearson's affirmative defenses.[2] For these reasons, we too conclude that there were no substantive issues of material fact necessitating trial.

*Attorney Fees*

Pearson also contends that the trial court improperly awarded attorney fees when Richland Sky did not file a separate motion or show that the fees were reasonable. Richland Sky argues that a motion was not required pursuant to RCW 59.18.290 and that the fee award was reasonable under RCW 59.18.030(27). We agree with Richland Sky.

"This court applies a two-part review to awards or denials of attorney fees: (1) the court reviews de novo whether a legal basis exists for awarding attorney fees by statute, under contract, or in equity and (2) the court reviews the reasonableness of an attorney

---

[2] Pearson also acknowledges there is no Washington case law that extends the RLTA's duty to act in good faith to a landlord's refusal to accept rental assistance or demand for a specific method of payment from a third party satisfying rental payments for a tenant. Assuming the truth of Pearson's claim that Richland Sky expressed that it would only accept a certified check, she fails to demonstrate that Richland Sky acted in bad faith under any Washington authority.

fee award for abuse of discretion." *Hall v. Feigenbaum*, 178 Wn. App. 811, 827, 319

P.3d 61 (2014). Under abuse of discretion, we will reverse a trial court's decision only if

the court "applies the wrong legal standard, relies on unsupported facts, or adopts a view

that no reasonable person would take." *Hoffman v. Kittitas Cnty.*, 4 Wn. App. 2d 489,

495, 422 P.3d 466 (2018).

According to CR 54(d)(2), a claim for attorney fees requires a party to file a

motion with the court. However, when the Civil Rules are inconsistent with the statutes

applicable to special proceedings, the statutes governing the pertinent special proceedings

are controlling. CR 81(a). In unlawful detainer actions, the trial court is authorized to

award reasonable attorney fees to the landlord when it enters a "judgment in favor of the

landlord restoring possession of the property to the landlord." RCW 59.18.410;

59.18.290(3). The unlawful detainer statute does not require a party to file a motion

when requesting attorney fees; therefore, RCW 59.18.290(3) controls.

Richland Sky requested reasonable attorney fees in its proposed orders filed in

advance of each hearing. It requested $1,500 on May 30, $1,800 on June 12, $2,150 on

June 20, and $3,497.50 on July 11. It also filed four declarations requesting attorney fees

pursuant to RCW 59.18.290(3). After the final hearing, the court awarded the updated

amount requested by Richland Sky, totaling $3,497.50.

The RLTA defines reasonable attorney fees as follows:

(27) "Reasonable attorneys' fees," where authorized in this chapter, means an amount to be determined including the following factors: The time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, the fee customarily charged in the locality for similar legal services, the amount involved and the results obtained, and the experience, reputation and ability of the lawyer or lawyers performing the services.

The trial court made the following comments on the reasonableness of Richland Sky's attorney fees request:

All right. And I particularly in this case where so many appearances were made — at the defense's request — And it's worth noting that we had a special set hearing today to allow time for testimony, because defense felt that was very appropriate and important, and that did not come to fruition. So I do think granting attorney's fees are appropriate. There's been a lot of time expended on this case.

RP at 36.

The trial court did not abuse its discretion in awarding the amount of fees. Richland Sky explicitly requested attorney fees pursuant to RCW 59.18. The trial court primarily based its decision on the amount of time and labor expended on the case. It further noted that, prior to issuing a decision, it reviewed all documents filed by the parties. Pearson fails to demonstrate that the trial court made its decision based on untenable grounds or for untenable reasons.

14

*Attorney Fees on Appeal*

Richland Sky requests reasonable attorney fees and costs on appeal under RAP 18.1, RCW 59.18.410(1), RCW 59.18.290, and the lease agreement. RAP 18.1 allows the prevailing party to request attorney fees on appeal. "Attorney's fees will be awarded to a prevailing party only on the basis of a private agreement, a statute, or a recognized ground of equity." *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988). "A contract providing for an award of these fees at trial supports such an award on appeal." *Randy Reynolds & Associates, Inc v. Harmon*, 193 Wn.2d 143, 163, 437 P.3d. 677 (2019).

Here, RCW 59.18.290(3) provides that "[w]here the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord." The lease agreement allows the landlord to recover reasonable attorney fees and costs as the prevailing party. As a result, we grant Richland Sky's fee request.

CONCLUSION

While the trial court erred in making credibility determinations and weighing evidence beyond deciding the issue of immediate possession, Pearson did not present a substantive issue of material fact to warrant a trial. We affirm the judgment in favor of

Richland Sky, including the imposition of attorney fees, and award Richland Sky its attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____  _____
Lawrence-Berrey, C.J.              Murphy, J.

16