[No. 39598.    Department Two.    March 13, 1969.]

EDWARD REEDER, *Appellant,* v. GEORGE S. HARMELING *et al.,*
*Respondents.**

*Jonson & Jonson,* for appellant.

*Olwell, Boyle & Hattrup* and *Ned Olwell,* for respondents.

HILL, J.—This is the case in which everybody was wrong.

Edward Reeder, who owned about 1700 orchid plants, had them in a plastic greenhouse owned by George S. Harmeling and wife (doing business as Green Lake Gardens) during the fall and winter of 1964-65. Mr. Reeder had been advised and knew that the Harmelings would need all of their greenhouse space after March 1, 1965.

Reeder started the chain reaction of wrongful conduct by procrastinating about securing some other facility for taking care of his orchid plants—ignoring Harmeling's repeated oral requests that he get his orchids out of the Harmelings' greenhouse by March 1. Reeder could have been intentionally inviting just what did take place, *i.e.,* Harmeling taking the law into his own hands without any timely formal written demand for the removal of the orchid plants. Certainly Harmeling ignored his summary stat-

*Reported in 451 P.2d 920.

utory remedy of a writ of restitution to regain the use of his own premises (RCW 59.12.090) when he removed the orchid plants from his greenhouse and set them down on the ground outside of it on March 12, 1965. After he had completed the removal of the plants (about 12:30 - 1 p.m.), Harmeling notified Reeder of what he had done. Reeder, in the course of their telephone conversation, advised Harmeling that "They are your [Harmeling's] orchids now."

While March the 12th was a warm spring day with the temperatures in the mid-sixties, there was frost that night and the orchid plants practically all perished.

Reeder brought an action against the Harmelings for $7,910.84, representing the value of the orchid plants, and $4,977.50 for loss of profit.

The trial court concluded, and we agree, that in so resorting to self-help the Harmelings were wrong.

Reeder, however, also was wrong in taking the position that there had been a conversion of the orchid plants and in making no effort to protect his property and mitigate his damages. There were a few particularly choice plants which he valued at $125 and could have carried away in his car. He apparently preferred not to jeopardize his position—that the Harmelings "had bought" all of the orchid plants, *i.e.,* had converted them to their own use.

While we have said in the preceding paragraph that Reeder was wrong in taking no action to mitigate his damages, it must be recognized that the burden was on the Harmelings to prove that with reasonable efforts Reeder could have saved the orchid plants. *McCurdy v. Union Pac. R.R.,* 68 Wn.2d 457, 413 P.2d 617 (1966); *Burr v. Clark,* 30 Wn.2d 149, 190 P.2d 769 (1948).

The trial court was satisfied that the Harmelings not only assumed their obligation of proving that the plants could have been saved by the exercise of reasonable care, but that they proved it completely and conclusively by experts whose testimony went unchallenged.

The trial court, in its summation of the evidence and of the net result of the accumulation of wrongs, found:

That prior to March 1, 1965, defendants. gave oral notice to plaintiff that plaintiff would have to remove his plants from defendants' greenhouse by March 1, 1965. That after March 1st defendants again orally advised plaintiff that he must remove his plants from defendants' greenhouse. That on March 4, 1965, defendants posted a written notice on the greenhouse door requesting plaintiff's authorization to remove said plants. That plaintiff refused to sign said authorization, and did not remove his plants from defendants' greenhouse. (Finding of fact No. 3.)

That plaintiff at no time attempted to cover his plants or otherwise protect them against the elements, because he had not been too happy in his venture and was glad to sell his plants the best way he could, and he felt the defendants had bought some orchids. Plaintiff was more interested in consulting his attorneys, and getting witnesses to go and see the condition of his orchids, than he was in covering them and stopping them from freezing. (Finding of fact No. 6.)

That plaintiff, after being notified by defendants that his plants had been moved outside, had time to protect them from freezing. That all the damage suffered by the plaintiff could have been avoided by the exercise of slight care on his part. That he failed to exercise such care. (Finding of fact No. 7.)

The plaintiff—in the face of explanations by experienced orchid growers of how the orchid plants could have been protected against the frost on the night of March 12, even had they remained on the ground outside of the greenhouse —urges that his problem was not to get the orchids through that night, but how to care for them in the days and weeks which followed. This argument seems to rest on the thesis that he had a right to occupy the Harmelings' greenhouse in perpetuity. However, the evidence presented by the Harmelings' expert witnesses was that a temporary plastic greenhouse adequate to protect the orchid plants could have been erected in a matter of hours on a vacant lot adjacent to Reeder's home. Reeder had an existing agreement with the lot's owner to erect a greenhouse there.

This testimony was uncontroverted.

502

The Harmelings met the burden of establishing that the damages could have been mitigated and that the orchid plants could have been saved by a relatively modest expenditure of time, effort and material. Had such an expenditure been made, Reeder would probably have been entitled to recover its value from the Harmelings: *see McKennon v. Anderson,* 49 Wn.2d 55, 298 P.2d 492 (1956); *Chung v. Louie Fong Co.,* 130 Wash. 154, 226 Pac. 726 (1924), but not having made the expenditure, there is nothing for which he can recover.

■ The trial court was correct in its analysis of the rights and wrongs of the parties. We agree that the Harmelings did "not buy" the orchid plants when they moved them out of their greenhouse; and, since Reeder did nothing to salvage them when he could and should have done so, he cannot recover damages for their loss.

The judgment of dismissal is affirmed.

HUNTER, C. J., ROSELLINI, HALE, and NEILL, JJ., concur.