IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| REUBEN SMITH and ADEN SMITH, | No. 78323-8-I |
| Respondents, | |
| | DIVISION ONE |
| v. | |
| ISAAC M. NSEJJERE, aka ISAAC MAYANJA, and JANE DOE NSEJJERE aka JANE DOE MAYANJA, husband and wife, and the marital community comprised thereof; | UNPUBLISHED OPINION |
| | FILED: April 22, 2019 |
| Appellants, | |
| and | |
| NSEJJERE SPORTS, LLC, a Delaware limited liability company, | |
| Defendant. | |

SMITH, J. — Isaac Nsejjere appeals the judgment and writ of restitution in a commercial unlawful detainer action. Nsejjere contends that the case was improperly filed as an unlawful detainer action because he was a bailor, not a tenant. He additionally contends that the trial court erred in dismissing his counterclaims, failing to rule on discovery issues, and denying his CR 59 motion for reconsideration. We affirm.

FACTS

Reuben Smith owns a hydraulic equipment business in Woodinville. The business includes yard space that Smith periodically rents to tenants to store machinery and equipment.

In September 2015, Nsejjere approached Smith to rent storage space to park five container trucks beginning in "late October, early November." Nsejjere told Smith he planned to store the trucks in the yard "for two or three months and then drive them away." The two orally agreed on a rental payment of $800 per month for approximately 5,000 square feet of storage space.

Nsejjere did not bring the trucks to Smith's yard until December 2015. When he did, he paid Smith $2,400, representing rental payments for December through February.[1] Nsejjere told Smith "he had some issues with the Port, and they would not allow him to leave the material in the containers." Nsejjere asked if Smith could unload the containers so that he could return them.

The equipment in the containers, which Nsejjere planned to use for a residential development project, was very large and heavy. Smith also noted that the equipment was not protected by any packing materials and some of it had become damaged in transit. Smith told Nsejjere "it was going to cost him, and probably a lot more than he expected." Nsejjere agreed to pay Smith to unload the trucks and agreed that the additional costs could be charged as rent. Smith sent Nsejjere an invoice for $8,000 for the labor, equipment, and fuel used in unloading the equipment.[2]

---

[1] At trial, Smith testified that Nsejjere did not make the payment until February 2016. Nsejjere contended that he paid Smith in December 2015. Though the exact date Nsejjere made this payment is immaterial to the resolution of this appeal, an e-mail Smith sent Nsejjere in May 2017 supports Nsejjere's version of events.

[2] Nsejjere does not dispute this amount.

2

Nsejjere frequently came to the yard, sometimes twice a day, to look at the equipment. He repeatedly acknowledged that he owed Smith money. But he never removed the equipment from Smith's yard and never made any further rent payments. Nor did he ever pay Smith for the unloading costs. Nsejjere's equipment remains on Smith's property.

On April 24, 2017, Smith sent Nsejjere an e-mail stating that Smith would eliminate late fees if Nsejjere paid the accrued rent. On May 19, 2017, Smith sent Nsejjere another e-mail informing him that he could not come onto the property until he paid his rent. On July 12, 2017, Smith served Nsejjere with a three-day notice to pay or vacate.

On August 1, 2017, Smith filed an unlawful detainer action. Nsejjere filed an answer denying Smith's claims and asserting that "that the relationship between the parties is and has been that of a bailee and a bailor." Nsejjere also filed a counterclaim against Smith for negligence and breach of a bailment contract. In addition, Nsejjere served Smith with interrogatories, requests for admission and requests for production. Smith did not respond to the discovery requests.

A superior court commissioner set the matter for trial, finding that there were disputed issues of material fact because the parties did not have a written lease. On February 8, 2018, the trial court held a one-day bench trial at which it heard testimony from both Smith and Nsejjere. The trial court entered findings of fact and conclusions of law, and ordered that Smith was entitled to a writ of restitution and a judgment in the amount of $40,800. The trial court dismissed

Nsejjere's counterclaims, concluding that it did not have jurisdiction to address them. The trial denied Nsejjere's motion for reconsideration. Nsejjere appeals.

DISCUSSION

An unlawful detainer action brought under RCW 59.12.030 is a summary proceeding designed to enable the recovery of possession of leased property.[3] Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). "The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent." Munden, 105 Wn.2d at 45. "[T]he court sits as a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues." Granat v. Keasler, 99 Wn.2d 564, 571, 663 P.2d 830 (1983) (emphasis omitted).

Nsejjere claims that the trial court lacked jurisdiction to hear the case as an unlawful detainer proceeding because his relationship with Smith was that of a bailor and a bailee, not a tenant and a landlord. This claim is unsupported by the record.

A bailment is "[a] delivery of personal property by one person (the *bailor*) to another (the *bailee*) who holds the property for a certain purpose." BLACK'S LAW DICTIONARY 169 (10th ed. 2014). In contrast, a lease is "[a] contract by

---

[3] A tenant has committed an unlawful detainer "[w]hen he or she, having leased property for an indefinite time with monthly or other periodic rent reserved, continues in possession thereof, in person or by subtenant, after the end of any such month or period, when the landlord, more than twenty days prior to the end of such month or period, has served notice (in manner in RCW 59.12.040 provided) requiring him or her to quit the premises at the expiration of such month or period." RCW 59.12.030(2).

4

which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration." BLACK'S, supra, at 1024.

Here, the trial court found Nsejjere's claim of a bailment relationship to be unavailing.

> Mr. Nsejjere had orally agreed to store five tractor trailer containers on plaintiff's property for two to three months. He instead caused that contract to be converted to one in which only the goods, not the containers, were left on the property. Whether the items were inside or outside of a container truck does not change the nature of the oral contract. Plaintiff only agreed to lease Mr. Nsejjere space for his property. The actions which caused Mr. Nsejjere to remove his property from the containers and leave the contents unprotected and in the elements for many months does not convert the parties' storage space agreement into a bailment. Additionally, Mr. Nsejjere behaved as a tenant by coming and going from the property at will from December, 2015 to May, 2017. Mr. Smith's statement that Mr. Nsejjere was disinvited from the property until he brought his rent current muddled the position of the parties. It did so because a landlord may not dispossess a tenant from property in that way. However, the court concludes that while Mr. Smith's ill-advised effort to get paid the rent he was due was communicated to Mr. Nsejjere, Mr. Nsejjere neither acted on it nor was influenced by it (except to the extent that he stopped visiting the materials). Within two months, Mr. Smith caused Mr. Nsejjere to be served with the three day notice to pay or vacate, the beginning of this enforceable unlawful detainer action.

(Footnote omitted.)

We agree with the trial court. Nsejjere did not merely leave the equipment for Smith to hold. Instead, the evidence shows that Nsejjere rented a defined amount of yard space from Smith for the purpose of storing his equipment.[4] The relationship between Nsejjere and Smith was that of a tenant and a landlord.[5]

---

[4] Two of Smith's other tenants also testified at trial that they rented space from Smith by the square foot.

[5] Nsejjere cites to Smith's April 24, 2017, e-mail to him, which states, "*You are not a tenant*; rather you are renting space. As such, the condition of your

And Nsejjere provides no authority in support of his claim that Smith unilaterally converted the relationship into a bailment by telling Nsejjere he was prohibited from coming onto the property until he paid the rent. The matter was properly filed as an unlawful detainer action. See, e.g., Reeder v. Harmeling, 75 Wn.2d 499, 499-500, 451 P.2d 920 (1969) (a writ of restitution pursuant to RCW 59.12 is the proper remedy for removing another's property and regaining use of the premises).

Nsejjere contends that the trial court erred in dismissing his counterclaims. Due to the summary nature of an unlawful detainer action, counterclaims are generally disallowed. Munden, 105 Wn.2d at 45. The exception is when a counterclaim or affirmative defense is "'based on facts which excuse a tenant's breach.'" Munden, 105 Wn.2d at 45 (quoting First Union Mgmt., Inc. v. Slack, 36 Wn. App. 849, 854, 679 P.2d 936 (1984)). In the alternative, once "the right to possession ceases to be at issue . . . the proceeding may be converted into an ordinary civil suit for damages, and the parties may then properly assert any cross claims, counterclaims, and affirmative defenses." Munden, 105 Wn.2d at 45-46.

Here, Nsejjere's counterclaims did not excuse his obligation to pay rent. And because Nsejjere's equipment was still on Smith's property at the time of

---

materials remains you [sic] responsibility. This agreement is the same as renting a storage unit or even renting a space in a garage for a vehicle." (Emphasis added.) But Smith's inartful language is not conclusive of the parties' relationship.

trial, the right to possession remained at issue. The trial court was precluded from considering Nsejjere's counterclaims.[6]

Nsejjere argues that the trial court erred in failing to order that his requests for admission be deemed admitted. Requests for admissions are deemed admitted against a party who fails to serve responses or objections to the requests within 30 days, unless the court orders otherwise. CR 36(a), (b). But the record shows that over Smith's objections, the trial court permitted Nsejjere to read the requests for admission into evidence. And in any event, none of the admissions would have defeated an unlawful detainer action.[7]

Nsejjere next contends that Smith's refusal to respond to his other discovery requests violated due process. But Nsejjere's remedy was to file a motion to compel discovery in the trial court, or a motion to continue the trial until discovery could be obtained. Nsejjere did not do so, nor did he comply with the

---

[6] In support of this claim, Nsejjere cites two cases in which courts have permitted counterclaims, Foisy v. Wyman, 83 Wn.2d 22, 515 P.2d 160 (1973), and Income Props. Inv. Corp. v. Trefethen, 155 Wash. 493, 284 P. 782 (1930). But these cases involved counterclaims for damages for breach of the implied warranty of habitability or covenant of quiet enjoyment, facts which excused the tenants' breaches because they were deprived of the beneficial use of the property.

[7] Nsejjere's requests for admission primarily sought to establish that Smith did not possess any written evidence of a lease, a fact that was undisputed by the parties. Only request for admission 8 has any bearing on an unlawful detainer action: "Admit that SMITH acknowledged payment from Nsejjere immediately upon SMITH'S RECEIPT of the goods." But even such an admission would not contradict Smith's claim that Nsejjere did not pay any rent after February 2016.

7

discovery conference requirements of CR 26(i).[8] Thus, Nsejjere has waived this claim.

Finally, Nsejjere contends that the trial court erred in denying his CR 59 motion for reconsideration. We review the denial of a CR 59 motion for reconsideration for an abuse of discretion. Millies v. LandAmerica Transnation, 185 Wn.2d 302, 316, 372 P.3d 111 (2016). A trial court abuses its discretion when its decision is manifestly unreasonable, or based on untenable grounds, or exercised for untenable reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

Citing CR 59(a)(7), CR 59(a)(8), and CR 59(a)(9), Nsejjere argues that he was entitled to reconsideration of the judgment because Smith committed perjury at trial.[9] He contends that Smith's testimony that he never prevented Nsejjere from coming onto the property was contradicted by Smith's May 19, 2017, e-mail.

---

[8] CR 26(i) provides:
The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone. If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b). Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.

[9] CR 59(a)(7) allows the trial court to order a new trial where "there is no evidence or reasonable inference from the evidence to justify the verdict." A motion for a new trial may be granted under CR 59(a)(8) if an error in law occurred at trial and was "objected to at the time by the party making the application." CR 59(a)(9) allows a trial court to grant a new trial when "substantial justice has not been done."

But the sole purpose of an unlawful detainer action is to determine the right of possession. First Union Mgmt., 36 Wn. App. at 854. While Nsejjere's claim that Smith barred him from the property would arguably be relevant to a defense of constructive eviction, Nsejjere did not raise this defense. Nsejjere does not demonstrate that the trial court abused its discretion in denying his motion for reconsideration.

Smith requests attorney fees pursuant to RAP 18.9 on the grounds that Nsejjere's appeal is frivolous. An appeal is frivolous "if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). Here, although Nsejjere's claims lack merit, they are not frivolous. We deny Smith's request for attorney fees.

Affirmed.

WE CONCUR: